(No. 13132.—Judgment affirmed.)

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* FREDERICK SCHMIDT, Plaintiff in Error.

*Opinion filed February 18, 1920—Rehearing denied April 9, 1920.*

1. CRIMINAL LAW—*when the evidence is sufficient to establish venue.* It is not necessary that some witness should testify in so many words that the acts complained of occurred in a certain township, county and State in order that the venue may be established, but the evidence in that regard is sufficient if, when considered as a whole, it leaves no reasonable doubt that the act on which the indictment is based was committed at the place laid in the indictment.

2. LOCAL OPTION—*one who keeps intoxicating liquor for sale is responsible for acts of selling by his agents.* Where it is shown that a defendant is illegally keeping intoxicating liquors for sale, he is responsible, under either the Local Option act or the Dramshop act, for the acts of selling by his clerks or servants, no matter what may have been his instructions to them.

WRIT OF ERROR to the Appellate Court for the Second District;—heard in that court on writ of error to the Circuit Court of Rock Island county; the Hon. WILLIAM T. CHURCH, Judge, presiding.

ALBERT HUBER, for plaintiff in error.

EDWARD J. BRUNDAGE, Attorney General, BENJAMIN S. BELL, State's Attorney, GEORGE C. DIXON, and EDWARD L. EAGLE, for the People.

Mr. JUSTICE DUNCAN delivered the opinion of the court:

Plaintiff in error was indicted in the circuit court of Rock Island county for selling intoxicating liquors in the town of Rock Island, which is anti-saloon territory, and for maintaining a liquor nuisance at his place, designated as "a certain room on the first floor of a certain two-story building located and known as 1606 Second avenue, within said town of Rock Island, in said county." The indictment contained twenty-eight counts, twenty-seven of which charged sales of intoxicating liquors, and one the maintenance of the nuisance aforesaid. On a trial by jury he was found guilty on the nuisance count and on four other counts of the indictment. A motion for a new trial was overruled and judgment was entered against plaintiff in error, imposing a fine of $100 each on four counts of the indictment and a jail sentence of twenty days under the nuisance count. It was also ordered and adjudged that the premises described as the place of nuisance be closed up and the nuisance abated in accordance with the statute. A writ of error was prosecuted to the Appellate Court for the Second District, and that court affirmed the judgment. Plaintiff in error has sued out this writ of error to review the judgment of the Appellate Court.

The proof establishes that plaintiff in error for two years or more prior to the time the town of Rock Island became anti-saloon territory, May, 1918, conducted a saloon on the first floor of the premises above described. From May, 1918, to and during September of that year, the plaintiff in error's place aforesaid was ostensibly converted into a "soft drink parlor," where near beer and other soft drinks were kept and sold. The saloon fixtures which had been put in the place for saloon purposes remained the same as when the business was run as a saloon, and the evidence clearly shows that the plaintiff in error continued to sell intoxicating liquors after the town became anti-saloon territory as well as the soft drinks aforesaid. A record of a former

conviction on a twenty-one count indictment, all counts charging sales of intoxicating liquors in the town of Rock Island, in said county, on divers days of June, 1918, one count of which charged him with maintaining a nuisance on June 22, 1918, on the first floor of a brick building known as 1606 Second avenue, Rock Island, in the town of Rock Island, was introduced in evidence in this case against plaintiff in error. That record shows that he plead guilty to the first five counts of that information and that a *nolle prosequi* was entered as to the remaining counts. The evidence also positively establishes that two sales of whisky were made in plaintiff in error's place of business September 9, one or more sales of whisky September 15, and that a number of sales of whisky were made there on September 16, all in the year 1918. These sales were made by two employees of plaintiff in error who worked for him in that place,—William Jones and John Stalton,—whom plaintiff in error called his porters. Jones testified that he was first employed during the four months he stayed there, May to September, 1918, as a porter, to scrub and keep the premises clean, tap the beer, put in ice, and do other such jobs about the premises, but that later he was paid an extra three dollars a week for his services, and that his employment thereafter included shining up the brass and waiting on the few customers of the early morning before plaintiff in error got there. That was his job, according to his testimony, when he made the sales of whisky. He further testified positively that he saw plaintiff in error many times during said four months make sales of whisky himself and collect for such sales at twenty cents a drink and place the money in his till, and that he (witness) brought the whisky so sold from the third floor of the building to the second floor. His knowledge that it was whisky was gained by tasting the whisky so sold. Stalton testified relative to his employment there that he was to serve the people, and that whatever was there to sell he was supposed

292 — 9

to sell it.  One of the sales made by this witness was a quart of whisky sold in the presence of plaintiff in error himself, and he testified positively that plaintiff in error gave him the bottle of liquor, and that he delivered it to the man to whom he sold it, "right inside the back door;" that the man gave him four dollars for the whisky, and that he delivered the four dollars to plaintiff in error.  It is not questioned that Jones and Stalton did actually make four or more sales of whisky for plaintiff in error and place the money therefor in his till.  The defense sought to be made by plaintiff in error in the court below was that Jones and Stalton were not authorized to make said sales, and that he never told them or authorized them to make any sales whatever of intoxicating liquor.  As a witness plaintiff in error positively denied any knowledge of the four-dollar sale testified to by Stalton.  He further testified that he never did, after June 27, 1918, (the date that he plead guilty, as aforesaid,) sell any drinks of whisky or other intoxicating liquor at any place or authorize anybody to do so, and that there was none sold there during that time to his knowledge.

The main question for decision by this court is whether or not the evidence sustains the judgment of the court below.  After an examination of the record we have no doubt of the guilt of the plaintiff in error.  The evidence would have sustained a conviction for several more counts had the jury so determined.  The evidence is so overwhelmingly against plaintiff in error that no conscientious, intelligent jury could have found, under their oaths, a verdict of not guilty.

It is contended by plaintiff in error that there is no proof in the record that the illegal sales complained of occurred in the town of Rock Island, as charged in the indictment. It is not necessary that some witness should testify in so many words that the acts complained of occurred in a certain township, county and State named by the witness in

order that the venue may be established. The evidence is sufficient in that regard if, when considered as a whole, it leaves no reasonable doubt that the act upon which the indictment is based was committed at the place laid in the indictment. (*Weinberg* v. *People*, 208 Ill. 15.) The evidence in the record establishes that the illegal sales now in question were made in a room on the first floor of the building known as 1606 Second avenue, in Rock Island, Illinois. One witness positively testified that plaintiff in error had occupied that place for four or five years previous to the trial, first as a saloon and then as a soft drink parlor, as aforesaid, and that in that time he had not occupied any other place for his business; that he was not in business in any other place between June 1 and September 16, 1918, and that he was in the same place of business in June, 1918, as he was in September, 1918, when he was arrested on this charge. As already shown, he plead guilty to the information filed against him in June, 1918, which charged him with unlawfully selling intoxicating liquor in anti-saloon territory, to-wit, the town of Rock Island, in the county of Rock Island, Illinois. Stalton also testified that the city of Rock Island was anti-saloon territory. It is thus clearly established that the illegal sales aforesaid took place in anti-saloon territory and that the place where the sales were made was in the town of Rock Island.

It is finally contended by plaintiff in error that he can not be legally convicted for the illegal sales made by his servants unless he was either (1) conducting a dram-shop or (2) had knowledge of the sales or consented to the same. He therefore contends that the judgment should be reversed because the court in its instructions did not make his conviction depend upon whether or not he was conducting a dram-shop or had knowledge of or consented to said sales. The court charged the jury, in substance, that if they found from the evidence, beyond a reasonable doubt, that plaintiff in error, either by himself or by his clerk or servant, be-

tween July 1 and September 18, 1918, at and within the town of Rock Island, county of Rock Island and State of Illinois, sold intoxicating liquors, and that the town of Rock Island was then and there anti-saloon territory, they should find him guilty, etc. It was then up to plaintiff in error to ask an instruction upon his theory of the case,—that they could not convict him, etc., for such illegal sales unless he had knowledge of the same or consented to the same or was engaged in the illegal business of conducting a dram-shop,—if he wanted the benefit of such a defense. He failed to offer any such instruction, but did offer instructions, in substance, to the effect that he could not be found guilty of such illegal sales by his servants or clerks unless the jury found from the evidence, beyond a reasonable doubt, that such sales were made with his knowledge, permission and consent. The court properly refused to give such instructions. The testimony positively shows that the plaintiff in error kept intoxicating liquors for sale at his place of business when he was arrested in this case, and that his place of business was in anti-saloon territory, where he could not even be licensed for such a business. When his place was raided by the officers for the purpose of his arrest in this case they found two quart bottles of whisky that were full and had not been opened, one broken and partly filled with whisky and from which a part of said illegal sales were made, and also two or more quart whisky bottles that were empty. In other words, plaintiff in error was illegally conducting a dram-shop at said place.

Section 17 of the Local Option act provides that it shall not be necessary to show knowledge of the principal to convict for the acts of his agent or servant. Section 14 of the Dram-shop act provides the same in substance. Where it is shown that a defendant is illegally keeping intoxicating liquors for sale under either of said statutes he is responsible for the acts of selling by his clerks or servants, no matter what may have been his instructions to them.

(*Noecker* v. *People,* 91 Ill. 494.)   Conceding that the court's instruction was not accurate and correct under this evidence, as contended by plaintiff in error, the result, in any view of the case, could not have been otherwise if the instruction had been modified, as it was overwhelmingly proved that the plaintiff in error was illegally conducting a dram-shop.

There is no reversible error in this record, and the judgment of the Appellate Court is affirmed.

*Judgment affirmed.*

Mr. JUSTICE THOMPSON, as State's attorney of Rock Island county, prosecuted this case, and so took no part in its consideration here.