(No. 26028.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* AXEL CATHONY, Plaintiff in Error.

*Opinion filed April 10, 1941.*

JOSEPH J. LEWISBURG, for plaintiff in error.

GEORGE F. BARRETT, Attorney General, THOMAS J. COURTNEY, State's Attorney, and A. B. DENNIS, (EDWARD E. WILSON, JOHN T. GALLAGHER, MELVIN S. REMBE, and RICHARD H. DEVINE, of counsel,) for the People.

Mr. JUSTICE SHAW delivered the opinion of the court:

Plaintiff in error, Axel Cathony, sued out this writ of error to review a judgment of the criminal court of Cook county. He was convicted of obtaining money and property by means of the confidence game and sentenced to the penitentiary. The trial was before the court without a jury under two indictments the first of which charged him with obtaining money and property of the value of $27.85 from Paul Makis, and the second with obtaining money and property of the same value from Harry Terfansky.

The evidence, which is not disputed, shows that on June 18, 1940, the plaintiff in error entered a tavern owned by Paul Makis in the city of Chicago, ordered some beer and offered the bartender a check drawn on the account of the Airway Pump & Equipment Company, payable to

Axel Cathony and signed by R. E. Schaefer. The owner of the tavern was not in the tavern at the time and the bartender sent the check by messenger to the home of the owner, who cashed it and returned the money for Cathony.

The bank repudiated the check as a forgery, sending it back to Makis, and plaintiff in error's wife later made restitution.

Several days later Cathony called at a tavern owned by Harry Terfansky and ordered a pint of wine and a pint of whiskey. He offered the bartender a check similar in every respect to the one he had cashed in the Makis tavern, with the exception that it was signed by E. Gilden. The bartender deducted the amount of the purchase and paid Cathony the balance in cash. This check, also a forgery, was returned to Terfansky by the bank, but no restitution was made.

The plaintiff in error testified in his own behalf, admitting that he cashed the bogus checks, but contended that he had been drinking and intended to give the money back at a later date. He further testified that a man whom he only knew as "Shoes" filled out the checks, but admitted that he signed them himself, one in the name of R. E. Schaefer and the other in the name of E. Gilden.

The plaintiff in error contends that there are two fatal variances: First, that it is alleged in the second indictment that the person whose confidence was obtained was Harry Terfansky and that he is referred to in the proof several times as "Terransky" and "Terbensky." A careful check of the record discloses that the spelling of the name had been corrected at nine places, while at the other two where it was misspelled no correction was made. This is obviously merely a mistake in spelling by the reporter, which was corrected in all but two instances that were overlooked and, therefore, this cannot be considered a variance. The other alleged variance is that the confidence game was not practiced upon the person charged in the second indictment,

but rather the bartender, who was in his employ. This argument is of no force. It is sufficient to allege and prove that the property obtained was either that of the general owner or the agent in possession of it. *People* v. *Emmel*, 292 Ill. 477.

It is next urged that the venue was not proved under the first indictment, as there is no mention in the testimony that the offense occurred in Cook county. However, it is to be noted that, by agreement, the plaintiff in error was tried for both offenses at the same time, before the same judge, and the sentences run concurrently. There is no dispute that the venue was properly proved under the second indictment. It is not necessary that any witness should testify in so many words that a crime was committed in a certain county in order to establish venue. (*Weinberg* v. *People*, 208 Ill. 15; *People* v. *Schmidt*, 292 id. 127.) Here the proof was clear that the crimes were committed in Cook county as the evidence is definite that both taverns are located in the city of Chicago.

It is finally contended that the plaintiff in error did not receive a fair trial because he was represented by the public defender, who failed at certain times to object or take exceptions to certain things that happened at the trial; that he was indicted under several *aliases* and no mention of them was made at the trial; that the State's attorney referred to his past record and that there was no proper proof of the agency of the bartenders who actually cashed the checks. The plaintiff in error admitted that he signed and cashed the checks. Under our Criminal Code the crime of obtaining money or property by means of the confidence game is committed whenever money or property is obtained by means or by use of any false or bogus check. (*People* v. *Shaw*, 300 Ill. 451.) It cannot be said, in a case of this kind, where the proof is overwhelming and uncontradicted, and where the court has no discretion in fixing the punishment that such alleged errors require a

reversal of the judgment. The evidence is so complete that this court would not be justified in ordering a new trial of the cause where it is clear that such retrial must result in the same verdict.

The judgment of the criminal court of Cook county is affirmed.

*Judgment affirmed.*