(No. 30469.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* LOUIS HORNADAY, Plaintiff in Error.

*Opinion filed May 20, 1948—Rehearing denied September 15, 1948.*

W. G. ANDERSON, (STEPHEN LEE, of counsel,) both of Chicago, for plaintiff in error.

GEORGE F. BARRETT, Attorney General, of Springfield, and WILLIAM J. TUOHY, State's Attorney, of Chicago, (JOHN T. GALLAGHER, MELVIN S. REMBE, and W. S. MIROSLAWSKI, all of Chicago, of counsel) for the People.

Mr. JUSTICE SIMPSON delivered the opinion of the court:

Plaintiff in error, Louis Hornaday, 26 years of age, was found guilty by the criminal court of Cook County of forcible rape and was sentenced April 3, 1947, to the penitentiary for fifteen years. He brings the case here on writ of error seeking to reverse the judgment.

On October 28, 1946, at about 1:30 A.M., the prosecuting witness was waiting at Sixty-third Street and Dorchester Avenue in Chicago for a bus to take her home. A car stopped near her when a man got out and walked to a nearby newsstand. A moment later she was struck in the back of the head, a hand was placed over her mouth and she was dragged into the automobile by the man who had just gotten out of it. He told her if she was smart she would not say a word but would keep quiet. She tried to scream but the man put his hand over her mouth commanding her to keep quiet. He told her if she broke away from him she would not get very far. She pleaded with him to let her go saying she had three children to take care of, and he said when he got through with her he would let her go, maybe. After driving thirty or forty minutes he stopped the car and pointed to a two-story building and told her there were fifteen negro friends of his there and when he got through with her they would start on her. She could

not say where they were at this time. When the car stopped he made advances toward her and she began kicking and fighting with him but he overcame her by force and raped her. She had struggled with him for fifteen or twenty minutes. After the act was completed he told her he was through with her and was taking her up to those negro friends and said "You will not face the world any more." She then lunged against the door which opened and she fell out, and at the same time some object which she thought was a pillow fell from the car. She was screaming as the car drove away. This was prior to 3:20 A.M. and was on Shields Avenue in Chicago. When she fell out she hurt her head and skinned her knees. Several men living on Shields Avenue who had heard her screams came and took her into a house and brought her some water while she reclined on a couch. Shortly thereafter some police officers came to the house and plaintiff in error was with them. She immediately identified him as her assailant. She also identified him in the court room. When she fell from the car she lost her purse, one glove and her hat. She remembered that the car had red leather seats and a little white Scotty dog attached to the dash, and also had some pillows in it. Later, in company with a couple of officers she searched the neighborhood and found an automobile which she identified as the one in which the offense was committed and in it was found one of her gloves and on the dash was a white Scotty dog held there by magnetic attraction.

Plaintiff in error denied that he had ever seen the prosecuting witness and that he had any part whatever in the commission of the crime. He at first denied owning an automobile but later admitted that he owned one. The car identified by the prosecutrix was shown to be his. He testified that he had married the day before. He was of the Catholic faith and his wife had been Protestant but had recently turned Catholic. They were not, however,

married by a Catholic priest, but were advised by a priest not to live together as man and wife until they had been married according to the Catholic regulations. He told Officer Dragel that he was with his wife until about 1:30 or 2:00 o'clock A.M. Shortly after 3:35 A.M. officer Daniel Dragel found the pillow and a lady's purse and hat on the curbstone near 5325 Shields Avenue. This was in the city of Chicago, county of Cook and State of Illinois, and was only a short distance from the place where the automobile in question was found.

On April 24, 1947, plaintiff in error filed a motion *nunc pro tunc* as of April 3, 1947, to set aside the judgment and grant him a new trial. There is no showing in the record that this motion was ever presented to the court or that it was argued, and no ruling of the court thereon appears of record.

As grounds for reversal plaintiff in error contends the venue was not proved by competent evidence; that the record fails to show any disposition of his motion to set aside the judgment and for a new trial; that he established an alibi; that the evidence greatly preponderates in his favor and is sufficient to raise a very grave doubt of his guilt; that the indictment is not sufficient to support a judgment in that it failed to allege the prosecutrix was not the wife of plaintiff in error; that plaintiff in error was denied due process of law, and that there was error in the admission and rejection of testimony.

It is not necessary that testimony be given in so many words that the crime was committed in a given county in order to establish venue. (*People* v. *Cathony*, 376 Ill. 260; *People* v. *Schmidt*, 292 Ill. 127.) Venue may be proved by circumstantial evidence. (*People* v. *Gregor*, 359 Ill. 402.) The venue was sufficiently established.

Motion of plaintiff in error to set aside the judgment and for new trial is not preserved in the bill of exceptions but appears only in the common-law record. A motion is

an application made to the court and the mere filing of it in the office of the clerk is not such an application. It must be brought to the attention of the court and the court asked to rule on it. (*City of Decatur* v. *Barteau,* 260 Ill. 612; *City of Marengo* v. *Eichler,* 245 Ill. 47; *People* v. *Brickey,* 346 Ill. 273.) A motion not ruled on presents no question with reference thereto arising upon review. (*Keedy* v. *People,* 84 Ill. 569.) Plaintiff in error cannot take advantage of his failure to have this motion passed upon.

The evidence concerning the defense of alibi is not such as to warrant our disturbing the judgment. The time plaintiff in error left his wife and the time prosecutrix was first accosted are shown to be not far apart. Neither is claimed to be exact. The reasonable doubt which will acquit a prisoner when his defense is an alibi is the doubt of guilt which arises from a consideration of all the evidence including the criminating evidence introduced by the prosecution as well as that touching the question of alibi. *Carlton* v. *People,* 150 Ill. 181; *Flanagan* v. *People,* 214 Ill. 170, 178.

The argument that the indictment is faulty in not averring the prosecutrix was not the wife of plaintiff in error is without merit. An indictment for forcible rape need not aver ·that the female was not the wife of the accused. *People* v. *Stowers,* 254 Ill. Ill. 588; *People* v. *Dravilles,* 321 Ill. 390.

Error is assigned on the admission and rejection of testimony but the brief makes no argument with reference thereto. We have, however, considered the entire record and find no error in that regard. It is our opinion that the plaintiff in error had a fair trial and that his constitutional rights were not in any manner violated.

Fnding no error in the record, the judgment of the criminal court of Cook County is affirmed.

*Judgment affirmed.*