THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
GEORGE A. LIGONS, Defendant-Appellant.

Fourth District   No. 13847

Opinion filed January 13, 1977.

Richard J. Wilson and Barbara A. Chasnoff, both of State Appellate Defender's Office, of Springfield, for appellant.

Basil G. Greanias, State's Attorney, of Decatur (Jerry Finney, Assistant State's Attorney, of counsel), for the People.

Mr. PRESIDING JUSTICE CRAVEN delivered the opinion of the court:

Defendant was charged with burglary, the offense allegedly occurring in August 1974. The specifics of the offense as set forth in the factual basis for a plea of guilty were that the defendant, a former employee of a motor inn in Decatur, entered one of the rooms of the motel without authority and took eight quarters out of a coin box of a vibrating machine

of one of the beds. The defendant, then age 19, was arrested on August 22; an indictment was returned on October 11; he was arraigned on October 14; and on November 12, 1974, as a result of plea negotiations, the defendant entered a plea of guilty to the offense. So far as here relevant, the substance of the plea negotiations was that defendant would plead guilty to the offense of burglary, there would be a presentence report and a recommendation by the probation officer, and the State's Attorney would concur in the recommendation of the probation officer. If probation was to be denied, it would be the recommendation of the People that the defendant would be sentenced to the penitentiary for a term of not less than 1 nor more than 5 years. The defendant was admitted to probation although the recommendation of the then probation officer was that probation should be denied.

In May 1975, a report of alleged violation of probation was filed relating to a failure of the defendant to report to his probation officer and informing his probation officer of an incorrect residence address. That report of probation violation was disposed of other than by revocation of probation. On February 7, 1976, another report of probation violation was filed, the report itself being dated February 24, and it charged the defendant violated the terms and conditions of his probation by theft of property under $150 in value, by being out after 11 p.m., contrary to the probation order, and by driving an automobile for pleasure purposes, and failure to report to his probation officer. The hearing was held on this report of violation; a finding was made that the defendant was guilty of having violated the terms and conditions of the probation as charged, probation was revoked, and the trial judge sentenced the defendant to the penitentiary for a term of not less than 3 nor more than 20 years.

The alleged theft in connection with the revocation of probation related to an incident wherein the defendant went to a gas station in Decatur, Illinois, and asked an attendant to put $1 worth of gasoline in his car, went inside and purchased a package of cigarettes, paid for the cigarettes with a $5 bill and got the change. The defendant's version was that he told the outside attendant that he would pay the inside attendant, and that he told the inside attendant to take out the $1 for the gas. The attendants' version was that the defendant ordered the gas and did not pay for it.

The trial judge indicated his concurrence in a statement to the Parole and Pardon Board filed by the State's Attorney wherein it was indicated that the defendant should not be given credit for time spent on probation, and that the defendant had "a horrible attitude, resents all authority and has repeatedly violated his probation." The statement also suggested that the defendant should not be given an early parole. Upon this appeal from the order revoking probation and imposing the sentence, it is urged that

the sentence imposed was excessive in view of the nature of the original offense and the history and character of the defendant. It is also urged that the trial court abused its discretion in denying credit for time served on probation.

The defendant was born in September 1955. He was 19 years of age at the time of the offense. He had had no prior involvement with the law as an adult. He did have, according to the probation report, a delinquency proceeding that was filed in 1970 but that was ultimately dismissed. He had a delinquency proceeding for an alleged burglary in 1971 at a time that he was still 15 years of age for which he was required to spend four weekends in juvenile detention quarters. At age 16, there was a violation of his probation by failure to attend school regularly. In March 1972, he was committed to the Youth Commission for a violation of probation that apparently related to a curfew violation. He was subsequently discharged.

We agree with the defendant that the sentence imposed was excessive considering the nature of the offense and the history and character of the defendant.

■■ We are not unmindful of the fact that this court is to exercise the authority to reduce sentences with considerable caution and circumspection and that there exists a long line of authority to the effect that the trial court is in a better position to assess a sentence. (*People v. Taylor* (1965), 33 Ill. 2d 417, 211 N.E.2d 673.) We are also aware, however, that sanctions imposed for violation of proscribed criminal activity is constitutionally required to relate to the nature of the offense and is to give consideration to the rehabilitative potential of the defendant. (*People v. Elsner* (1975), 27 Ill. App. 3d 957, 327 N.E.2d 592; *People v. White* (1968), 93 Ill. App. 2d 283, 235 N.E.2d 393.) A sentence of 3 to 20 years for this offense is in our judgment excessive and the sentence imposed is reduced to a minimum of not more than 1 year and a maximum not to exceed 5 years. In view of the minimum that is fixed, it is appropriate to deny the defendant credit for the short time served on probation. The defendant is, however, entitled to credit for 122 days served in the Macon County jail. The order revoking probation is affirmed, sentence is modified, and this cause is remanded to the circuit court of Macon County for the issuance of an amended mittimus as herein specified.

Probation revocation affirmed, sentence modified, cause remanded for amended mittimus.

REARDON, J., concurs.

24

Mr. JUSTICE GREEN, concurring in part and dissenting in part:

Although I agree with the majority that the sentence was excessive, I again feel compelled to respectfully disagree as to the extent to which the sentence has been reduced.

I know of no case that sets forth the criterion by which a reviewing court should decide the amount by which an excessive sentence should be reduced. As the majority recognizes, the trial court has a superior vantage point in determining the sentence to be imposed. For this reason, I deem it proper for the reviewing court to give weight to the determination made by the trial court and to reduce the sentence only to the extent that the sentence is no longer excessive. I do not think that the reviewing court should attempt to determine from the record before it the sentence that it would have imposed had it been the trial court.

Here, the misconduct of the defendant in committing the burglary would appear to have been about as mild as is possible in a burglary. Even at the time of the original sentence to probation, however, the history and character of the defendant was such as would have indicated that rehabilitation would be difficult. Whether defendant committed the theft which was the principal grounds for revocation of probation was a question of fact for the trial court. The question of defendant's attitude was one upon which the trial court's first hand observation was far superior to ours. A determination by the trial court that defendant had a poor potential for rehabilitation was justified and, in turn justified a sentence more severe than the nearly minimum term to which we reduce the sentence.

I would reduce the sentence to an indeterminate term of 2 to 6 years with no credit for the time defendant spent on probation.