THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
MELVIN GAMBILL, Defendant-Appellant.

Fifth District    No. 79-507

Opinion filed November 26, 1980.

Stanley P. Stasiulis, of Effingham, for appellant.

Scott Wilzbach, State's Attorney, of Salem (Martin N. Ashley and Nicholas B. Svalina, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mme JUSTICE SPOMER delivered the opinion of the court:

Defendant, Melvin Gambill, was charged by indictment with two counts of attempt murder and charged by information with aggravated assault. After he was found fit to stand trial by a jury, defendant entered a negotiated plea of guilty to the offense of attempt voluntary manslaughter on January 5, 1977. He was sentenced to five years of probation.

A petition to revoke probation was filed on January 16, 1978, and on May 18 defendant, represented by retained counsel, admitted the probation violation in court. Following delays for psychiatric evaluation, a sentencing hearing was held on July 24, 1979. Probation was revoked, and defendant was sentenced to two years' imprisonment.

On August 22, 1979, defendant filed with the trial court clerk a timely motion to vacate judgment and to withdraw his guilty plea. On the same day defendant filed his notice of appeal. On September 7, 1979, approximately two weeks later, defendant filed a praecipe for record requesting a transcript of the hearings on all motions for purposes of appeal. At no time was a hearing held, or a ruling made, on defendant's motion to withdraw his guilty plea.

At the sentencing hearing, defendant and his counsel were fully admonished of their duty to file a motion to withdraw the guilty plea

under Supreme Court Rule 604(d) (Ill. Rev. Stat. 1979, ch. 110A, par. 604(d)). The State contends that defendant's failure to obtain a trial court ruling on the motion to withdraw the guilty plea and vacate judgment prior to proceeding on appeal constitutes substantial noncompliance with Rule 604(d). We agree.

Supreme Court Rule 604(d) directs that a motion to withdraw a guilty plea be ruled upon by the trial court prior to appeal:

> "The motion shall be heard promptly, and if allowed, the trial court shall vacate the judgment and permit the defendant to withdraw his plea of guilty and plead anew. If the motion is denied, a notice of appeal from the judgment and sentence shall be filed within the time allowed in Rule 606, measured from the date of entry of the order denying the motion. Upon appeal any issue not raised by the defendant in the motion to withdraw the plea of guilty and vacate the judgment shall be deemed waived." Ill. Rev. Stat. 1979, ch. 110A, par. 604(d).

Our supreme court has held that unless a motion is brought to the attention of the court and the court is asked to rule on it, it is not effectively made. (*People v. Hornaday* (1948), 400 Ill. 361, 364-65, 81 N.E.2d 168, 170; *People v. Stewart* (1952), 412 Ill. 106, 105 N.E. 2d 725.) Defendant's failure to allow the trial court to rule on his motion before he appealed precluded the trial court from hearing argument or evidence with regard to the entry of the guilty plea. Such contentions should be addressed to the court of original jurisdiction, and are not properly heard by a court of review, which operates on the record of the lower court. (*People v. Frey* (1977), 67 Ill. 2d 77, 85, 364 N.E.2d 46, 49.) Here, the defendant has in effect filed no motion to withdraw the plea of guilty and vacate the judgment. Accordingly, as defendant did not comply with the requirements of Rule 604(d), this appeal must be dismissed.

Appeal dismissed.

JONES, P. J., and KARNS, J., concur.