THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
VIENCE L. HOWARD et al., Defendants-Appellants.

First District (4th Division)    Nos. 80-2926, 80-3071 cons.

Opinion filed July 1, 1982.

Steven Clark, of State Appellate Defender's Office, of Chicago, for appellants.

Richard M. Daley, State's Attorney, of Chicago (Michael E. Shabat, Kevin Sweeney, Harry John Devereux, Assistant State's Attorneys, of counsel), for the People.

JUSTICE LINN delivered the opinion of the court:

In cause No. 80-2926, defendant Howard pleaded guilty to robbery (Ill. Rev. Stat. 1979, ch. 38, par. 18—1) and was sentenced to a term of seven years to be served concurrently with a seven-year sentence for burglary imposed after a bench trial.[1] The trial court did not act upon defendant's *pro se* response to withdraw his guilty plea, presumably because the same day it was filed defendant filed a *pro se* notice of appeal. Howard now questions whether the trial court should have conducted a hearing on his timely motion to withdraw the plea.

In cause No. 80-3071, defendant Cunningham was convicted of bur-

---

[1] We affirmed Howard's burglary conviction (indictment No. 80-3704) on May 6, 1982, in a Rule 23 order pursuant to *Anders v. California* (1967), 386 U.S. 738, 18 L. Ed. 2d 493, 87 S. Ct. 1396 (appellate No. 80-2926).

glary[2] and sentenced to a term of five years. On appeal he contests the propriety of the sentence.

We first dispose of cause No. 80-3071. In that trial the State's evidence showed that on May 9, 1980, the complainant's apartment was burglarized; forced entry had been gained through the back door by breaking the lock. The police who responded to a call of burglary in progress saw four men run across the alley near complainant's apartment. One officer pursued both defendants and arrested them after they dropped complainant's property. Cunningham claimed that he was in his apartment, which was near complainant's apartment, when he saw police chasing an acquaintance. Cunningham then went out onto the porch and yelled at this man to get out of the yard. The police caught the man and then arrested both defendants and another man who were merely on the porch.

In sentencing defendant Cunningham, the trial court noted that defendant's "rap sheet" dated back to 1968 and commenced with certain juvenile charges. The court also noted that defendant's adult record contained 33 entries, not all of which resulted in conviction. The trial court did note that this defendant had been convicted of possession of marijuana and various theft-related offenses which resulted in some terms of incarceration. Cunningham now contends that the trial court improperly considered his arrests that did not result in convictions in determining the sentence to be imposed.

■■ Defendant did not object to the court's comments, thereby waiving the matter on review. (*People v. Boyce* (1977), 51 Ill. App. 3d 549, 366 N.E.2d 914.) Moreover, we do not believe that consideration of defendant's arrests entered into determination of the sentence. The context of the court's statement in this regard showed that the court believed that this defendant's life revolved around contact with law-enforcement authorities. The sentence does not show a reliance on improper factors. (See *People v. Poll* (1980), 81 Ill. 2d 286, 408 N.E.2d 212.) Further, defendant's untruthfulness when he testified at trial could be considered. (*People v. Meeks* (1980), 81 Ill. 2d 524, 411 N.E.2d 9.) Finally, under the facts of this case, including defendant's prior convictions, the sentence imposed was not an abuse of discretion. (*People v. La Pointe* (1981), 88 Ill. 2d 482, 431 N.E.2d 344.) The judgment in cause No. 80-3071 is affirmed.

Defendant Howard in cause No. 80-2926 argues that he is entitled to a hearing on his motion to withdraw his guilty plea despite his contemporaneous *pro se* notice of appeal. Defendant pleaded guilty to robbery (indictment No. 79-7392) on the day he was to be sentenced for the burglary conviction. Upon his negotiated plea he received a seven year sentence concurrent with the seven year sentence for burglary. The entry

---

[2] This was the same offense for which Howard was also convicted at a joint bench trial.

of the guilty plea was in substantial compliance with Supreme Court Rule 402. (73 Ill. 2d R. 402.) Defendant was advised of the requirements that he first request the trial court to vacate the guilty plea before he might appeal (73 Ill. 2d R. 605) and that he would have 30 days to file this motion and a like time to file a notice of appeal from the burglary conviction. The *pro se* notice of appeal bore both indictment numbers, as did the motion to withdraw the guilty plea.

■■ The record makes plain that defendant tried to comply with the trial court's admonitions, but because of his possible confusion the *pro se* notice of appeal referred to both convictions. The State may be correct that defendant's guilty plea was proper and his motion to withdraw it was patently without merit. However, we believe that defendant must be allowed to have the trial court rule on his motion to withdraw the plea in order to insure compliance with the applicable supreme court rule. *Cf. People v. Kinzer* (1978), 66 Ill. App. 3d 466, 384 N.E.2d 50.

The judgment in cause No. 80-3071 is affirmed. We remand cause No. 80-2926, as it pertains to indictment No. 79-7392, to allow defendant Howard to file a proper motion to withdraw the plea, if he desires, in conformity with Supreme Court Rule 604(d) (73 Ill. 2d R. 604(d)).

Affirmed (80-3071); remanded (80-2926).

JOHNSON, P. J., and ROMITI, J., concur.