THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
LARRY PETTIS, Defendant-Appellant.

Fourth District   No. 4—82—0327

Opinion filed January 6, 1983.

Daniel D. Yuhas and Janet Sinder, both of State Appellate Defender's Office, of Springfield, for appellant.

J. William Roberts, State's Attorney, of Springfield (Robert J. Biderman, of State's Attorneys Appellate Service Commission, of counsel), for the People.

JUSTICE TRAPP delivered the opinion of the court:

Following the withdrawal of pleas of not guilty defendant pleaded guilty upon two counts of armed robbery. The guilty pleas were without negotiation, and the trial court imposed concurrent sentences of 12 years.

The proceedings leading to this appeal are anomalous and require scrutiny. Count I of the information alleged the armed robbery of the manager of a liquor store. Count II alleged the accompanying armed robbery of a woman patron of that store. Defendant filed a *pro se* motion to vacate only the judgment of guilty entered upon count II. Appointed counsel filed an amended motion to vacate such judgment embodying the allegations made *pro se*. At the hearing held defendant reiterated that he only desired to vacate the plea as to count II.

The allegations of the motion to vacate count II and the minimal testimony in support of the motion are essentially a repudiation of the facts given as the basis of the plea of guilty, and a claim that defend-

ant did not understand the burden of proof upon the prosecution to establish the armed robbery of the store patron.

We have examined the extended and careful admonition of the trial court and the record made and find no error in the denial of the motion to vacate the judgment upon count II.

As argued here, the appeal is directed to the denial of defendant's motion to reduce the sentences imposed on both counts I and II. Section 5—8—1(c) of the Unified Code of Corrections (Ill. Rev. Stat. 1979, ch. 38, par. 1005—8—1(c)) provides:

> "(c) The trial court may reduce or modify a sentence, but shall not increase the length thereof by order entered not later than 30 days from the date that sentence was imposed. This shall not enlarge the jurisdiction of the court for any other purpose."

We must determine the appealability of the order denying reduction of sentence on count I.

Supreme Court Rule 604(d) (87 Ill. 2d R. 604(d)) provides in part:

> "No appeal from a judgment entered upon a plea of guilty shall be taken unless the defendant, within 30 days of the date on which sentence is imposed, files in the trial court a motion to withdraw his plea of guilty and vacate the judgment. The motion shall be in writing and shall state the grounds therefor."

Supreme Court Rule 605(b)(2), (6) (87 Ill. 2d R. 605(b)(2), (6)) provides:

> "(b) In all cases in which a judgment is entered upon a plea of guilty, at the time of imposing sentence, the trial court shall advise the defendant substantially as follows:
>
> * * *
>
> (2) That prior to taking an appeal he must file in the trial court, within 30 days of the date on which sentence is imposed, a written motion asking to have the judgment vacated and for leave to withdraw his plea of guilty, setting forth his grounds for the motion;
>
> * * *
>
> (6) That in any appeal taken from the judgment on the plea of guilty any issue or claim of error not raised in the motion to vacate the judgment and to withdraw his plea of guilty shall be deemed waived."

The required admonitions by the trial court appear in the record.

It is clear that since there has been no motion to vacate the plea to count I, there has been a failure to comply with the Rule, and the

appeal from the denial of a motion to reduce sentence is dismissed for failure to comply with Rule 604(d).

The original *pro se* statement to vacate the plea upon count II contained an arguable reference to reduction of sentence upon that count, but such reference was not stated in the amended motion. Defendant contends that the trial court erroneously considered failure to pay child support as an aggravating factor in fixing sentence.

Section 5—3—2(a)(1) of the Unified Code of Corrections (Ill. Rev. Stat. 1979, ch. 38, par. 1005—3—2(a)(1)) provides that the presentence report shall set forth the defendant's history regarding "family situation and background, economic status, education, occupation and personal habits." The presentence report indicates that defendant was not required to pay child support for his two legitimate children in the decree for dissolution of marriage. It also reported that he paid no support for two illegitimate children. At the sentence hearing, defendant in general terms testified that he provided for the children. The trial court expressed bewilderment that an individual who grossed $1,500 a month would spend money on drugs and not help to keep children. Defendant admitted that he did not make regular payments of child support, but stated that he put money aside for them without specification of how or when or what amount.

The trial court indicated that it was proper to consider a lack of regular child support in determining whether imprisonment would entail excessive hardship on dependents. Such is a mitigating factor under section 5—5—3.1(a)(11) (Ill. Rev. Stat. 1979, ch. 38, par. 1005—5—3.1(a)(11)). We conclude that such is a matter properly in the record.

While there was some colloquy upon the nature and extent of defendant's support for children during his examination and cross-examination, we note that at the conclusion of the hearing the trial court's findings of fact stated into the record were directed to the manner of accomplishing the armed robbery with a loaded shotgun, the acts of defendant preceding that robbery, and to the matters of defendant's criminal record including a conviction for involuntary manslaughter. The trial court further noted that while defendant had claimed to have voluntarily undergone treatment for drug abuse, he admitted that at the time of the armed robbery he was under the influence of valium with alcohol and "a little bit of cocaine." We find that while the trial court expressed some dissatisfaction with the nature of the testimony upon the issue of child support, he concluded that he would accept defendant's statement that he did provide for his children.

Upon the record we find that there was no abuse of discretion in

imposing sentence upon the plea of guilty to count II of the information, and we affirm the denial of the motion to reduce sentence upon count II. *People v. Perruquet* (1977), 68 Ill. 2d 149, 368 N.E.2d 882.

Appeal dismissed in part, affirmed in part.

WEBBER, P.J., and GREEN, J., concur.