THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. JOHNNIE EARL JAMES WEATHERALL, Defendant-Appellant.

Fourth District   No. 4—84—0597

Opinion filed March 29, 1985.

Daniel D. Yuhas, Charles M. Schiedel, and James E. Chadd, all of State Appellate Defender's Office, of Springfield, for appellant.

Thomas J. Difanis, State's Attorney, of Urbana (Robert J. Biderman and Michael K. Blazicek, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

JUSTICE McCULLOUGH delivered the opinion of the court:

In July 1983, defendant Johnnie Weatherall was indicted for the offense of residential burglary, and pleaded guilty to the lesser offense of burglary (see Ill. Rev. Stat. 1981, ch. 38, par. 19—1). On September 7, 1983, he was sentenced to a term of two years' probation. In June 1984, the terms of his probation were modified pursuant to petition (Ill. Rev. Stat. 1983, ch. 38, par. 1005—6—4(3)(f)). In August 1984, his probation was revoked and he was sentenced to four years' imprisonment. The defendant appeals from the judgment of the circuit court of Champaign County, arguing that (1) as the sentencing court did not expressly deny credit for time served on probation, he is entitled to such credit under section 5—6—4(h) of the Unified Code of Corrections (Ill. Rev. Stat. 1983, ch. 38, par. 1005—6—4(h)); and (2) imposition of a four-year term of imprisonment was an abuse of discretion.

The State argues that the defendant's appeal must be dismissed for his failure to comply with Supreme Court Rule 604(d) (87 Ill. 2d R. 604(d)), which provides in pertinent part:

"No appeal from a judgment entered upon a plea of guilty shall be taken unless the defendant, within 30 days of the date on which sentence is imposed, files in the trial court a motion to withdraw his plea of guilty and vacate the judgment. *** If the motion is denied, a notice of appeal from the judgment and sentence shall be filed within the time allowed in Rule 606, measured from the date of entry of the order denying the motion. Upon appeal any issue not raised by the defendant in the motion to withdraw the plea of guilty and vacate the judgment shall be deemed waived."

The State argues (1) the defendant was first sentenced in this cause on September 7, 1983, and at that time was admonished pursuant to Supreme Court Rule 604(d); and (2) since the defendant has not filed a motion to withdraw his guilty plea, this appeal should be dismissed, relying on *People v. Gambill* (1980), 91 Ill. App. 3d 302, 414 N.E.2d 859, *People v. Frey* (1977), 67 Ill. 2d 77, 364 N.E.2d 46, and this court's decision in *People v. Pettis* (1983), 111 Ill. App. 3d 381, 444 N.E.2d 274. We disagree.

The cases cited do not require dismissal of this appeal for failure to file a motion to withdraw the guilty plea pursuant to Supreme Court Rule 604(d). *Pettis* and *Frey* involve defendants who sought to appeal from the judgment entered upon a plea of guilty, as distinguished from a subsequent judgment revoking probation. *Frey* discussed Rule 604(d) as functioning to insure that constitutional claims arising *dehors* the record would be directed first to the trial court at a

time when witnesses were still available and their memories fresh, so that matters going to the voluntariness of the plea may be heard and considered by the court of original jurisdiction.

*Gambill* presents circumstances closer to those here, but is distinguishable. After defendant Gambill was found fit to stand trial by a jury, he entered a negotiated plea of guilty to the offense of attempted voluntary manslaughter on January 5, 1977, and was sentenced to five years' probation. In January 1978, a petition to revoke his probation was filed, and in May 1978, he admitted the probation violation in court. Following delays for psychiatric evaluation, Gambill's probation was revoked in July 1979, and he was sentenced to two years' imprisonment. In August 1979, defendant Gambill filed both a timely motion to vacate judgment and withdraw his guilty plea and a notice of appeal. No hearing was held on defendant's motion to vacate judgment and withdraw the guilty plea and no ruling was entered. The State argued that the defendant's failure to obtain a trial court ruling on the motion to withdraw the guilty plea and vacate judgment, prior to proceeding on appeal, constituted substantial noncompliance with Rule 604(d). The reviewing court agreed and dismissed the appeal, stating:

> "Defendant's failure to allow the trial court to rule on his motion before he appealed precluded the trial court from hearing argument or evidence *with regard to the entry of the guilty plea*. Such contentions should be addressed to the court of original jurisdiction, and are not properly heard by a court of review, which operates on the record of the lower court. [Citation.] Here, the defendant has in effect filed no motion to withdraw the plea of guilty and vacate the judgment." (Emphasis added.) (*People v. Gambill* (1980), 91 Ill. App. 3d 302, 303, 414 N.E.2d 859, 860.)

In his August 1979 appeal, the defendant apparently sought to raise issues addressed to the entry of the guilty plea in January 1977. That is not the circumstance presented in this case.

■ Here, the defendant was not advised pursuant to Supreme Court Rule 604(d) at the August 1984 hearing for sentencing on revocation. The issues raised on appeal deal with the sentence imposed on revocation, and not with matters pertaining to the entry of the guilty plea. The purpose of Rule 604(d) would not be served by its application to this case. This result is a necessary corollary of the rule emergent from the decisions in *People v. Nordstrom* (1966), 73 Ill. App. 2d 168, 219 N.E.2d 151, *appeal dismissed* (1967), 37 Ill. 2d 270, 226 N.E.2d 19, *People v. Fleming* (1974), 23 Ill. App. 3d 221, 318 N.E.2d

518, *People v. Willett* (1976), 44 Ill. App. 3d 545, 358 N.E.2d 657, and this court's decision in *People v. Gregory* (1973), 16 Ill. App. 3d 204, 305 N.E.2d 549, that a defendant may not attack the validity of his original conviction on an appeal from a judgment revoking probation.

■ We next consider the first issue raised by the defendant, whether he is entitled to sentencing credit for time served on probation. Section 5—6—4(h) of the Unified Code of Corrections provides:

"Time served on probation *** shall be credited by the court against a sentence of imprisonment *** unless the court orders otherwise." (Ill. Rev. Stat. 1983, ch. 38, par. 1005—6—4(h).)

The trial judge sentenced the defendant to four years' imprisonment, with credit for one day served in jail. The State concedes that the defendant is entitled to sentencing credit from September 7, 1983, to June 4, 1984, and June 6, 1984, to August 1, 1984, as the court did not expressly deny credit for defendant's time on probation. (*People v. Hollingsworth* (1982), 89 Ill. 2d 466, 433 N.E.2d 682.) The defendant states he was sentenced to probation on September 7, 1983; a petition to modify probation was filed and summons issued on June 4, 1984, with the court entering a new order on June 6, 1984 (which was subsequently vacated and a new order entered on June 15, 1984); a petition to revoke was filed on June 28, 1982, but later withdrawn; and a supplemental petition to revoke probation was filed on August 1, 1984, which was disposed of when he was sentenced on August 13, 1984. He argues by reply brief that "time served on probation" includes the period following issuance of a warrant or summons, although the probation period is tolled thereby under section 5—6—4(a)(3) of the Unified Code of Corrections (Ill. Rev. Stat. 1983, ch. 38, par. 1005—6—4(a)(3)). (*People v. Goodman* (1984), 102 Ill. 2d 18, 464 N.E.2d 250.) Generally, a point raised for the first time in the reply brief may be treated as waived. (*Coons v. Wilder* (1981), 93 Ill. App. 3d 127, 132, 416 N.E.2d 785, 791.) At our discretion, given the facts of this case and the decision in *Goodman* (filed prior to defendant's sentencing on revocation), we hold that defendant is entitled to sentence credit for time served on probation from September 7, 1983, through August 13, 1984. The *mittimus* should be amended to reflect the correct amount of sentence credit.

■ Defendant next argues that the trial court abused its discretion in sentencing him to four years' imprisonment, and requests that this court reduce the sentence to three years' imprisonment. Generally, sentencing is a matter reserved to the discretion of the trial court, and a sentence within the statutory range will not be disturbed on review absent an abuse of discretion. (*People v. Cox* (1980), 82 Ill.

2d 268, 412 N.E.2d 541; *People v. Dorris* (1982), 110 Ill. App. 3d 660, 667, 442 N.E.2d 951, 957.) The statutory range for the offense of burglary, a Class II felony, includes a sentence of imprisonment for a determinate sentence of not less than three years nor more than seven years (see Ill. Rev. Stat. 1983, ch. 38, pars. 19—1(b) and 1005—8—1(a)(5)). Defendant argues that his sentence should be reduced because the conduct which led to revocation was nonviolent and noncriminal, and consisted of transgressions of the conditions of his probation, such as failure to keep appointments set by the probation office or obey a curfew. He cites as almost identical the factual situation in *People v. Ligons* (1977), 45 Ill. App. 3d 21, 359 N.E.2d 223, wherein this court reduced a defendant's sentence on revocation of probation. While the facts in *Ligons* offer some similarities to those presented here, the modification of sentence in that case does not require the reduction of sentence here.

First, the entire sentencing scheme has been revamped by the legislature since the decision in *Ligons*. Second, the Illinois Supreme Court has made clear that sentencing is not a reviewing court's function, and that a reviewing court ought not substitute its judgment for that of the trial court merely because it would have balanced the appropriate factors differently. (*People v. Perruquet* (1977), 68 Ill. 2d 149, 368 N.E.2d 882; *People v. Cox* (1980), 82 Ill. 2d 268, 412 N.E.2d 541.) Third, there are dissimilarities between the facts of the cases, the offenses for which the defendants entered guilty pleas, and the offenses for which probation was revoked. The facts of this particular case were considered by the trial judge as impacting upon the defendant's rehabilitative potential and, after reviewing the record, we cannot say that the trial judge abused his discretion in ordering the sentence imposed.

For the reasons stated, the judgment and sentence are affirmed, and the cause remanded for correction of *mittimus* consistent with the views expressed herein.

*Affirmed and remanded with directions.*

GREEN, P.J., and WEBBER, J., concur.