THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
ROBERT RILEY, Defendant-Appellant.

First District (6th Division)   No. 1—90—3492

Opinion filed September 27, 1991.

Randolph N. Stone, Public Defender, of Chicago (Joseph M. Gump and Robert Guch, Assistant Public Defenders, of counsel), for appellant.

Jack O'Malley, State's Attorney, of Chicago (Renee Goldfarb, Mary Brigid Kenney, and Theresa Harney, Assistant State's Attorneys, of counsel), for the People.

JUSTICE McNAMARA delivered the opinion of the court:

Defendant, Robert Riley, pleaded guilty to murder on October 30, 1990, and was sentenced to a 20-year term of imprisonment. Twenty-eight days later, defendant filed a *pro se* motion to withdraw his guilty plea and vacate judgment and mailed a copy to the trial judge, as indicated by the certificate of service attached to the motion. On the same day, defendant also filed a notice of appeal, a motion for reduction of sentence and a motion for transcripts and common law record. The trial court never considered or conducted a hearing on

defendant's motion to withdraw his plea; instead, the record on appeal was prepared and the case was set on this court's calendar. Defendant asks us to remand this cause to the trial court for a hearing on his motion to withdraw his guilty plea and vacate judgment. The State asserts that we should dismiss this cause without remandment because the trial court never disposed of defendant's motion to withdraw the plea, and defendant thus failed to comply with Supreme Court Rule 604(d) (134 Ill. 2d R. 604(d)).

■ Supreme Court Rule 604(d) directs that a defendant may not appeal from a judgment entered upon a guilty plea unless he files a motion to withdraw the plea and vacate the judgment within 30 days of sentencing. The motion must be "presented promptly" to the trial judge, who must "promptly" hear the motion. If the trial court denies the motion, the rule requires a defendant to file a notice of appeal within 30 days of the denial to preserve his right to appeal. A defendant's failure to file a Rule 604(d) motion is a jurisdictional defect which precludes this court from considering an appeal unless the defendant was not properly admonished pursuant to Supreme Court Rule 605(b). 134 Ill. 2d R. 605(b); *People v. Lundeen* (1977), 55 Ill. App. 3d 799, 371 N.E.2d 329.

■ We find *People v. Howard* (1982), 107 Ill. App. 3d 936, 438 N.E.2d 580, dispositive of this issue. In *Howard, pro se* defendant pleaded guilty and was sentenced. Although the trial court advised defendant that he must file a motion to vacate his guilty plea before he filed a notice of appeal, defendant filed both motions contemporaneously. The trial court did not conduct a hearing on the motion to withdraw. On appeal, this court remanded the cause to allow defendant to file a motion to withdraw in accordance with Supreme Court Rule 604(d), noting that defendant tried to comply with the trial court's admonitions but failed due to "possible confusion." (*Howard,* 107 Ill. App. 3d at 938, 438 N.E.2d at 581.) As in *Howard,* the record reveals that defendant here tried to comply with the trial court's admonition, but because of some confusion, he filed his *pro se* notice of appeal at the same time as his motion to withdraw his guilty plea. The trial court in the present case advised defendant as follows:

> "You have a right to appeal. If you decide to do so file your written motion of this court within 30 days of the date of sentence.
>
> You can ask all these orders be vacated and for leave to withdraw your plea of guilty, setting forward the reasons why the court should allow it on the plea. If the court allows the judgment sentence—all proceedings will be vacated."

This admonishment did not inform defendant, as required by Supreme Court Rule 605(b) (134 Ill. 2d R. 605(b)(2)), that he must file his motion to withdraw plea before taking an appeal, but rather implied that the notice of appeal itself must be filed within 30 days of sentencing. Given this potentially confusing instruction and the fact that defendant was not represented by counsel when he filed his motion to withdraw and his notice of appeal, under *Howard* we believe that defendant should be allowed to have the trial court rule on his motion to withdraw the plea.

Relying on *People v. Gambill* (1980), 91 Ill. App. 3d 302, 414 N.E.2d 859, the State asserts that we should dismiss this appeal without remandment because the trial court never ruled on defendant's motion to withdraw the plea, and defendant thus failed to substantially comply with Supreme Court Rule 604(d). In *Gambill*, defendant pleaded guilty and was sentenced to five years' probation. More than a year later, defendant's probation was revoked and he was sentenced to two years' imprisonment. At the sentencing hearing, the trial court admonished defendant and his retained counsel of their duty to file a motion to withdraw the plea pursuant to Rule 604(d). Within 30 days of sentencing, defendant filed a motion to withdraw the guilty plea and vacate judgment. On the same day, defendant filed his notice of appeal. No hearing was conducted, nor ruling made, on defendant's motion to withdraw the plea. This court concluded that defendant's failure to obtain a ruling on the motion before proceeding on appeal constituted substantial noncompliance with Rule 604(d). The court therefore dismissed the appeal.

We find *Gambill* distinguishable because the defendant and his counsel were properly admonished so that there could be no confusion. To the extent that *Howard* and *Gambill* are in conflict, we believe that the *Howard* court equitably balanced the defendant's interest in presenting his grievances and the supreme court's jurisdiction requirements. We find such approach fair and reasonable.

We therefore remand this cause to allow defendant to file a proper motion to withdraw the plea, if he desires, in conformity with Supreme Court Rule 604(d) (134 Ill. 2d R. 604(d)).

Cause remanded with directions.

RAKOWSKI, P.J., and EGAN, J., concur.