THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
ARTIC BROWN, Defendant-Appellant.

First District (4th Division)   No. 1—91—0842

Opinion filed October 31, 1991.

Randolph N. Stone, Public Defender, of Chicago, for appellant.

Jack O'Malley, State's Attorney, of Chicago (Renee Goldfarb, Brian Clauss, and Annette Milleville, Assistant State's Attorneys, of counsel), for the People.

JUSTICE LINN delivered the opinion of the court:

Defendant filed a notice of appeal from the judgments entered on his convictions of unlawful delivery of phencyclidine (PCP) and possession of PCP with intent to deliver for which he was sentenced to concurrent terms of three years' imprisonment. Defendant maintains that his cause must be remanded to the trial court because that court never considered his motion to vacate his guilty pleas.

The record shows that on November 2, 1989, defendant entered a plea of guilty to a charge of possession with intent to deliver 10 or less grams of a substance containing PCP (Ill. Rev. Stat. 1989, ch. 56½, par. 1401(d)), and was sentenced to a term of 18 months' probation. Approximately one year later defendant was indicted and charged with delivery of 10 grams or less of a substance containing PCP (Ill. Rev. Stat. 1989, ch. 56½, par. 1401(e)), and this offense also served as the basis for a petition seeking the revocation of his probation. The record further discloses that a hearing was held on the revocation petition on February 7, 1981, where the court found defendant to be in violation of his probation as charged, and the sentencing hearing took place two weeks later.

At the commencement of that hearing reference was made to a conference concerning defendant's total situation. Defense counsel asked defendant in the presence of the court whether he wished to accept the offer given to him and plead guilty to the underlying charge. Defendant indicated his agreement to that proposal, and at that point the court stated, "As I understand it, this is a stipulated bench trial, since I already heard the facts." After further colloquy defense counsel announced, "Mr. Brown wants to plead guilty on the charge. This is telling the judge you don't want a jury trial." The trial court then asked for a jury waiver, which was tendered along with defendant's oral assent to it.

Defense counsel then stipulated to the facts heard by the court at the violation of probation hearing, and the parties proceeded to the sentencing portion of the hearing. Both sides waived their right to a presentence investigation report, and defendant was sentenced "in accordance with the agreement reached at the conference" to concur-

rent terms of three years' imprisonment with proper credit given for his prior incarceration.

After announcing sentence the court advised defendant as follows:

> "You have the right to appeal the sentence of this court. If you wish to appeal the sentence of this court, you must file a notice of appeal. This notice of appeal must be filed within 30 days.
>
> If you have no money for a lawyer, one will be appointed for you. If you have no money for a copy of the transcript, a copy of the transcript will be provided to you. If I grant your motion, I'll vacate your plea, vacate your sentence and set this matter down for trial."

Defendant indicated his understanding of the court's admonitions, and within 30 days he simultaneously filed a *pro se* motion to withdraw his guilty plea and to vacate the judgment and a notice of appeal. Both documents incorporated the judgments which had been entered in the two proceedings. The notice of appeal was processed in both cases, but no action was taken as to defendant's motion to withdraw his guilty plea. That omission gives rise to defendant's contention on appeal that his motion to vacate must be remanded to the trial court for consideration. The State responds that defendant's appeal must be dismissed because there is no final appealable order before this court.

■ We initially dispute the State's jurisdictional contention insofar as the record before us clearly shows that there were two proceedings which are governed by separate rules. Section 5—6—4 of the Unified Code of Corrections (Ill. Rev. Stat. 1989, ch. 38, par. 1005—6—4) sets forth the procedure to be followed in revocation proceedings, and specifically provides that a judgment revoking probation is a final appealable order. (Ill. Rev. Stat. 1989, ch. 38, par. 1005—6—4(g).) In this case defendant filed a timely notice of appeal from the sentencing order following the revocation of his probation, and this matter was properly presented to this court. However, since defendant has not raised any contention of error concerning that judgment, we must presume that the trial court's decision was proper and affirm the judgment entered.

As to the proceeding which followed the violation of probation hearing and concluded with the concurrent sentencing hearing for both offenses, we initially observe that both parties characterized it as a change of plea hearing. We find this conclusion questionable based on the colloquy between the court and the parties reflected in the record where the court announced its understanding that the proceeding

at hand was a stipulated bench trial. This would be consistent with the fact that the court made no attempt to admonish defendant in accordance with Supreme Court Rule 402 (134 Ill. 2d R. 402) as required for the acceptance of a guilty plea.

In addition, the record shows that defense counsel stipulated to the facts of the substantive offense as related at the violation of probation hearing; however, counsel then announced that defendant would plead guilty to that charge. Sentencing formalities were waived by both parties, and defendant was sentenced in accordance with the agreement reached in the conference to concurrent terms of three years' imprisonment. After that, the court advised defendant of his appeal rights, and at the conclusion of its admonishments, also advised defendant that if the court vacated defendant's judgment, the matter would be set for trial.

It is apparent from the record that the parties intended to dispose of the two matters in an expeditious manner, but in the proceeding which followed, portions of a stipulated bench trial and hearing on a plea of guilty were utilized. Then, after dual admonishments by the trial court, defendant filed both a motion to vacate his plea of guilty and a notice of appeal from both judgments.

■ As correctly noted by the State, when defendant filed his notice of appeal, the trial court was deprived of jurisdiction to enter any order involving a matter of substance on the plea and caused the jurisdiction of the appellate court to attach *instanter*. (*Daley v. Laurie* (1985), 106 Ill. 2d 33, 476 N.E.2d 419.) This premature filing of the notice of appeal effectively nullified the existence of the motion to vacate (*People v. Turner* (1982), 111 Ill. App. 3d 358, 443 N.E.2d 1167; *People v. Gambill* (1980), 91 Ill. App. 3d 302, 414 N.E.2d 859) and subjected his appeal to dismissal for lack of jurisdiction. *People v. Gambill*, 91 Ill. App. 3d 302, 414 N.E.2d 859; *People v. Potts* (1985), 136 Ill. App. 3d 1059, 484 N.E.2d 306.

■ After carefully examining the entire record, however, we are of the opinion that the procedure attempted was more in the nature of a stipulated bench trial. This procedure, though heavily criticized, allows the parties to proceed with the benefits of a guilty plea proceeding while avoiding the waiver hazards connected with it. (See *People v. Sullivan* (1979), 72 Ill. App. 3d 533, 391 N.E.2d 241.) In accordance with the recognition of its continued use, the supreme court recently adopted the uniformly applied rule that a stipulated bench trial procedure is proper and not tantamount to a guilty plea where defendant presented and preserved a defense. (*People v. Horton* (1991), 143 Ill. 2d 11, 570 N.E.2d 320.) However, where defendant

stipulates that the evidence was sufficient to convict him of the crime charged (see *People v. Smith* (1974), 59 Ill. 2d 236, 319 N.E.2d 760), and he does not present or preserve a defense, either factual or legal (see *People v. Hart* (1986), 144 Ill. App. 3d 103, 494 N.E.2d 226), or the hearing amounts to a mere formality (*People v. Stepheny* (1974), 56 Ill. 2d 237, 306 N.E.2d 872), he is entitled to the protections set forth in Supreme Court Rule 402. 134 Ill. 2d R. 402; *People v. Horton*, 143 Ill. 2d 11, 570 N.E.2d 320; *People v. Stepheny*, 56 Ill. 2d 237, 306 N.E.2d 872; *People v. Smith*, 59 Ill. 2d 236, 319 N.E.2d 760.

██ Applying these principles to the case at bar, we observe that although defense counsel properly stipulated to the evidence heard at the violation of probation hearing without conceding defendant's guilt (see *People v. Cox* (1990), 197 Ill. App. 3d 239, 554 N.E.2d 360), he then informed the judge that defendant was pleading guilty to the offense. At that point, we believe that defendant was entitled to the admonishments set forth in Supreme Court Rule 402, and the failure of the court to provide them before entering judgment in the case requires that defendant's conviction for delivery of a controlled substance be reversed and the cause remanded with directions that defendant be provided a new trial. *People v. Stepheny*, 56 Ill. 2d 237, 306 N.E.2d 872.

For these reasons, we conclude that jurisdiction was proper, and we affirm the judgment of the circuit court on the violation of probation and sentence on defendant's original conviction of possession with intent to deliver. We reverse the judgment of the circuit court regarding delivery of the controlled substance and remand the cause with directions.

Affirmed in part; reversed in part; and cause remanded in part.

JIGANTI, P.J., and McMORROW, J., concur.