(No. 44597.

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, v. LEON STEPHENY, Appellant.

*Opinion filed January 23, 1974.*

WARD, J., took no part.

John E. Corkery, of Chicago, for appellant.

William J. Scott, Attorney General, of Springfield (James B. Zagel and Charles H. Levad, Assistant Attorneys General, of counsel), for the People.

MR. JUSTICE KLUCZYNSKI delivered the opinion of the court:

Defendant, Leon Stepheny, was indicted for murder but was found guilty of voluntary manslaughter after a bench trial in the circuit court of Cook County in 1965. He was sentenced to the penitentiary for a term of 10 to 20 years. On direct appeal, the appellate court affirmed (*People v. Stepheny,* 76 Ill. App. 2d 131), and we denied leave to appeal (35 Ill.2d 631). Thereafter, defendant sought post-conviction relief (Ill. Rev. Stat. 1967, ch. 38, par. 122—1 *et seq.*) but his petition was dismissed without an evidentiary hearing. We reversed and remanded this cause (No. 41349, not reported) on the basis of *People v. Slaughter,* 39 Ill.2d 278. We appointed new counsel, who thereafter filed an amended post-conviction petition. This petition was also dismissed without an evidentiary hearing. On appeal from this second dismissal order we reversed and remanded for an evidentiary hearing on the sole issue of competency of appointed trial counsel. (*People v. Stepheny,* 46 Ill.2d 153.) A hearing on this matter was conducted and resulted in the denial of his petition. This appeal follows.

We need only consider his contention that his trial was

a sham and a mere formality, because the result had been agreed to in chambers and his appointed counsel in effect entered a plea of guilty for him without the necessary explanation of rights and waivers.

At the evidentiary hearing, defendant denied knowledge of a conference among the trial judge, the assistant State's Attorney, and his counsel, or of any agreement which they might have reached as a result thereof. He further maintained that he did not agree to plead guilty, and in fact was not guilty because he had acted in self-defense. He testified that he was surprised and unhappy when the court announced its decision. The record reflects that after judgment was entered he requested a transcript of the proceedings and as he left the courtroom he claimed that he told his attorney that he wanted to appeal.

Defense counsel testified as to his repeated unsuccessful efforts to negotiate with the prosecution for a plea of guilty to a lesser charge. After the State had presented a number of witnesses, a conference was held at which the trial judge, the assistant State's Attorney, and defense counsel were present. Counsel's testimony is unclear as to whether defendant was in fact present at the conference at which the assistant State's Attorney suggested that defendant be adjudged guilty of voluntary manslaughter and sentenced to 10 to 20 years imprisonment. Counsel testified that defendant was informed of these negotiations, and appeared pleased with the result. Counsel stated:

> "*** We had to go through the motions of the trial, the State's Attorney said, 'Well, we have a deal, there is nothing to worry about, but for the purpose of the record, there will be a plea of not guilty.' In other words, it was an agreed case. It was really a guilty plea."

> "Well, the State tried to make— Well, the State put on some evidence for the purposes of sustaining their position and I put the defendant on to put on some sort of a defense, although it was all agreed in advance as to what would happen."

The trial judge had died prior to the evidentiary hearing. The assistant State's Attorney who prosecuted the cause testified that while the trial judge indicated at the conference that the evidence could support a guilty verdict for voluntary manslaughter, he refused defense counsel's request to reduce the charge. He said that he put forth his best efforts for conviction.

The testimony presented was contradictory. However, the record tends to establish that defense counsel agreed to a disposition of the matter and that defendant was at most only vaguely apprised of this procedure. While counsel's efforts appear to have been founded in his belief that a conviction for voluntary manslaughter would be in the best interest of his client based upon his evaluation of the evidence, he candidly admitted that his action in effect resulted in a guilty plea. The then applicable rule as to guilty pleas provided:

> "The court shall not permit a plea of guilty *** by any person accused of a crime for which, upon conviction, the punishment may be imprisonment in the penitentiary, unless the court finds from proceedings had in open court at the time *** [the] plea of guilty [is] entered, *** that the accused understands *** the nature of the charge against him, and the consequences thereof if found guilty ***. The inquiries of the court, and the answers of the accused to determine whether he *** comprehends the nature of the crime with which he is charged and the punishment thereof fixed by law, shall be taken and transcribed and filed in the case. The transcript, when filed, becomes a part of the common law record in the case." Ill. Rev. Stat. 1965, ch. 110, par. 101.26(3).

The method utilized in this instance was improper for it contravened the clear directive as set forth above. Defendant's conviction must therefore be reversed and the cause remanded to the circuit court of Cook County with directions to grant defendant a new trial.

*Reversed and remanded.*

MR. JUSTICE WARD took no part in the consideration or decision of this case.