THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. REYNALDO GUILLEN, Defendant-Appellant.

Second District    No. 2—98—0947

Opinion filed September 16, 1999.—Rehearing denied October 7, 1999.

Robert P. Will, Jr., of Robert P. Will, Jr. & Associates, of Waukegan, for appellant.

Michael J. Waller, State's Attorney, of Waukegan (Martin P. Moltz and Richard S. London, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE COLWELL delivered the opinion of the court:
Following a bench trial in the circuit court of Lake County, defendant, Reynaldo Guillen, was found guilty of failing to register as a sex offender as required by section 3(a)(2) of the Sex Offender Registra-

tion Act (730 ILCS 150/3(a)(2) (West 1996)). On appeal, defendant challenges the constitutionality of both the Sex Offender Registration Act (730 ILCS 150/1 *et seq.* (West 1996)) and the Child Sex Offender and Murderer Community Notification Law (730 ILCS 152/101 *et seq.* (West 1996)). We hold that these statutes are not unconstitutional and affirm defendant's conviction.

Defendant was convicted in 1986 of criminal sexual assault (see Ill. Rev. Stat. 1985, ch. 38, par. 12—13(a)(2)) and sentenced to a four-year prison term. On October 8, 1997, a Lake County grand jury returned an indictment against defendant, charging him with unlawfully failing to register as a sex offender between January 1, 1997, and March 25, 1997.

Defendant moved for a dismissal of the indictment on the grounds that the Sex Offender Registration Act and the Child Sex Offender and Murderer Community Notification Law were unconstitutional. The trial court denied defendant's motion. On April 20, 1998, the trial court found defendant guilty of failing to register as a sex offender and subsequently sentenced him to 7 days' imprisonment and 24 months' probation. Defendant filed several posttrial motions, all of which were denied. He now appeals the trial court's denial of his motion to dismiss.

We begin our discussion with a review of Illinois' sex registration laws. In 1986, our legislature enacted the first such law, the Habitual Child Sex Offender Registration Act (Ill. Rev. Stat. 1987, ch. 38, pars. 221 through 230). This statute was amended in January 1993, and its title became the Child Sex Offender Registration Act (730 ILCS 150/1 *et seq.* (West 1994)). Effective January 1, 1996, the Child Sex Offender Registration Act was amended and became known as the Sex Offender Registration Act (the Registration Act) (730 ILCS 150/1 *et seq.* (West 1996)). The Registration Act required all sex offenders, as defined by the statute, to register as a sex offender with their municipality or county within 30 days of establishing a residence or domicile. 730 ILCS 150/3 (West 1996).

Effective June 1, 1996, the Registration Act was slightly amended. That same day, the Child Sex Offender and Murderer Community Notification Law (the Notification Law) (730 ILCS 152/101 *et seq.* (West 1996)) became effective. The Notification Law required the Illinois Department of State Police to establish a database containing the names and addresses of sex offenders subject to the Registration Act. The Notification Law also provided certain entities (school boards, child care facilities, and the Department of Children and Family Services) with access to the database so that these entities could ascertain the whereabouts of sex offenders. See 730 ILCS 152/115 through 125

(West 1996). In other words, the Registration Act and the Notification Law worked closely together to aid law enforcement agencies and other entities in tracking sex offenders.

With the passage of Public Act 90—193 (Pub. Act 90—193, eff. July 24, 1997), the legislature amended the Registration Act. Pursuant to the 1997 amendments, which are contained within the current version of the Registration Act, (a) a sex offender must register with his municipality or county within 10 days of establishing a new residence therein (730 ILCS 150/3 (West Supp. 1997)); (b) a sex offender must pay a $10 initial registration fee and a $5 annual renewal fee (730 ILCS 150/3(c)(6) (West Supp. 1997)); (c) a sex offender discharged or released from a hospital or treatment facility is subject to the Registration Act (730 ILCS 150/5—5 (West Supp. 1997)); (d) a person adjudicated sexually dangerous and later released, or found to be no longer sexually dangerous and discharged, must register with the appropriate law enforcement agency in person every 90 days for the rest of his life (730 ILCS 150/6, 7 (West Supp. 1997)); and (e) courts must impose a minimum fine of $500 on persons who violate the Registration Act (730 ILCS 150/10 (West Supp. 1997)).

Public Act 90—193 also amended the Notification Law, whose title became the Sex Offender and Child Murderer Community Notification Law (730 ILCS 152/101 *et seq.* (West Supp. 1997)). Contrary to statements made in *People v. Logan*, 302 Ill. App. 3d 319, 325 (1998), and *People v. Malchow*, 306 Ill. App. 3d 665, 668-69 (1999), Public Act 90—193 did not repeal the Notification Law; it repealed only section 125 of the statute. See Pub. Act 90—193, § 20, eff. July 24, 1997. Nonetheless, by redefining "sex offender" and by amending section 120 of the Notification Law, the legislature changed neither the statute's substance nor its effect, and persons subject to the Notification Law were also subject to the Sex Offender and Child Murderer Community Notification Law. See 730 ILCS 152/105, 120 (West Supp. 1997). The Registration Act has been amended three times since 1997; however, those amendments were minor, and the current versions of the statutes interact the same way they did in 1996.

Before we reach defendant's arguments, we must first determine to which versions of the statutes defendant was subject—the 1996 versions or the 1997 versions. Defendant was indicted for failing to register as a sex offender between January and March 1997. The statutes were amended in July 1997, and defendant was convicted in April 1998. *Logan* addressed a similar situation. The defendant in that case was charged in October 1996 with failing to register as a sex offender, and he was convicted in August 1997. *Logan*, 302 Ill. App. 3d at 322-23. When faced with constitutional challenges to both the Registration

Act and the Sex Offender and Child Murderer Community Notification Law, the appellate court focused on the constitutionality of the statutes as amended in July 1997. *Logan*, 302 Ill. App. 3d at 325. However, we disagree with *Logan* to the extent that it focused on the versions of the statutes as they existed at the time the defendant was tried and convicted. We cannot find any language in either statute suggesting that the legislature intended the 1997 amendments to operate retroactively, nor can we find that the 1997 amendments to the Registration Act were merely procedural. Instead, we find it more appropriate, if not fairer, to consider the constitutionality of the statutes as they existed at the time defendant allegedly failed to register as a sex offender. See *People v. Gulley*, 162 Ill. App. 3d 545, 549 (1987) (law in effect at the time crime was committed generally applies).

Defendant contends that the Registration Act (730 ILCS 150/1 *et seq.* (West 1996)) and the Notification Law (730 ILCS 152/101 *et seq.* (West 1996)) are unconstitutional in that they violate (a) the *ex post facto* clauses of the United States and Illinois Constitutions (U.S. Const., art. I, § 10, cl. 1; Ill. Const. 1970, art. I, § 16); (b) federal and state prohibitions against cruel, unusual, and disproportionate punishment (U.S. Const., amend. VIII; Ill. Const. 1970, art. I, § 11); (c) his right to privacy; (d) the double jeopardy provisions of the United States and Illinois Constitutions (U.S. Const., amend. V; Ill. Const. 1970, art. I, § 10); (e) his right to due process and equal protection; and (f) the single-subject rule of the Illinois Constitution (Ill. Const. 1970, art. IV, § 8(d)).

However, a second district panel has already addressed and rejected all of these arguments in upholding the constitutionality of the 1997 version of the Registration Act (730 ILCS 150/2 *et seq.* (West Supp. 1997)). *Malchow*, 306 Ill. App. 3d at 669-75. *Malchow* followed *Logan*, a case in which a second district panel, confronted with *ex post facto*, due process, and privacy attacks upon both statutes, upheld the statutes as not unconstitutional. See *Logan*, 302 Ill. App. 3d at 326-34. Implicit in *Malchow* is a finding in favor of the constitutionality of the Sex Offender and Child Murderer Community Notification Law (730 ILCS 152/101 *et seq.* (West Supp. 1997)). *Malchow*, 306 Ill. App. 3d at 668-75. The analyses from *Malchow* and *Logan* apply squarely to defendant's arguments in this case, despite the fact that those cases addressed the 1997 versions of the statutes. From the standpoint of the constitutional arguments advanced by defendant, the 1996 and 1997 versions of the statutes are no different. Following *Malchow* and *Logan*, we reject all of the arguments raised by defendant.

The order of the circuit court of Lake County, upholding the

constitutionality of both the Registration Act (730 ILCS 150/1 *et seq.* (West 1996)) and the Notification Law (730 ILCS 152/101 *et seq.* (West 1996)), is affirmed.

Affirmed.

GEIGER and THOMAS, JJ., concur.