*In re* J.R., a Minor (The People of the State of Illinois, Petitioner-Appellee, v. J.R., a Minor, Respondent-Appellant).

First District (6th Division)   No. 1—01—2318

Opinion filed June 27, 2003.

Michael J. Pelletier and Justin J. Major, both of State Appellate Defender's Office, of Chicago, for appellant.

Richard A. Devine, State's Attorney, of Chicago (Renee Goldfarb, William D. Carroll, and Janet Powers Doyle, Assistant State's Attorneys, of counsel), for the People.

JUSTICE O'MARA FROSSARD delivered the opinion of the court:

The instant case presents two issues of first impression: (1) whether *as applied to respondent J.R.*, a juvenile sex offender, the Sex Offender and Child Murderer Community Notification Law (Notification Law) (730 ILCS 152/101 *et seq.* (West 2000)) violates substantive or procedural due process; and (2) whether as applied to respondent J.R., the Sex Offender Registration Act (Registration Act) (730 ILCS 150/1 *et seq.* (West 2000)) violates procedural due process.

Respondent J.R., born October 10, 1982, was charged as a delinquent minor under the Juvenile Court Act of 1987 (705 ILCS 405/1—1 *et seq.* (West 2000)), with criminal sexual abuse. After a pretrial conference, pursuant to Supreme Court Rule 402 (177 Ill. 2d R. 402), a stipulated bench trial was conducted. After the stipulation on May 15, 2001, the trial judge entered a finding of delinquency and required respondent to serve two years' probation and 30 days in the Juvenile Detention Center, undergo therapy and a sex offender evaluation, and have no unlawful contact with children under 12 years of age. The trial judge heard arguments regarding whether respondent was required to register pursuant to the Registration Act (730 ILCS 150/1 *et seq.* (West 2000)), and whether respondent was required to submit a blood sample pursuant to section 5—4—3 of the Unified Code of Corrections (Code) (730 ILCS 5/5—4—3 (West 2000)). The trial judge ruled that respondent must register as a sex offender and must submit a blood sample. The trial court stayed its order pending appeal.

Respondent now appeals, challenging the trial court's orders requiring him to register as a sex offender and submit blood samples and contending the delinquency finding should be vacated. In his appeal, respondent raises the following arguments: (1) respondent is not

required to register as a sex offender because the Registration Act does not apply to juvenile sex offenders; (2) the Registration Act and corresponding Notification Law violate due process guaranteed by the United States Constitution; (3) both statutes violate confidentiality provided by the Juvenile Court Act; (4) barring expungement under section 5—4—3 of the Code violates the separation of powers doctrine provided for in the Illinois Constitution, thereby rendering the blood sample submission provision unenforceable; and (5) the stipulated bench trial was equivalent to a guilty plea, which deprived respondent of procedural due process because the trial court failed to admonish him of the consequences of the stipulated bench trial.

## BACKGROUND

In the context of the stipulated bench trial, the parties stipulated that, if called to testify, the victim, P.V., would testify that on July 1, 1999, she was 12 years old. While at respondent's house, on July 1, 1999, respondent put his hand under her underwear and digitally penetrated her vagina. Respondent put his penis in her vagina, but because he could not penetrate, he pulled his penis out and ejaculated. Later that same day P.V. went to St. Alexius Hospital and was examined by a doctor. Her underwear was sent to the Illinois State Police crime lab for analysis.

The parties further stipulated that, if called to testify, Carla Cluck, a forensic scientist for the Illinois State Police crime lab, would state that she received a blood standard from the victim, P.V., and she received the semen stain from the underwear that was inventoried by Officer Ruthenberg. She also received a blood standard from respondent. After conducting DNA analysis, she concluded that the semen identified in the semen stain from the victim's underwear was consistent with having originated from respondent.

Streamwood police sergeant Hart would testify that he interviewed respondent on July 1, 1999, after "Mirandizing" him. Respondent stated that he knew P.V. was 12 years old; things got out of hand and he could not stop when P.V. told him to stop. Respondent stated that he got frustrated because he could not get his penis all the way in and it was getting close to being time for him to go to work. He stopped trying to put his penis all the way in P.V.'s vagina. He ejaculated on the bed cover. Respondent said he heard P.V. saying no, she did not want him to do this, but he could not stop. We note the record reflects the sexual act in the instant case was not consensual.

It was stipulated that P.V. and Sergeant Hart would both identify respondent in open court. Respondent, born October 10, 1982, was 16 years old on July 1, 1999, the date of the incident in the instant case.

The trial court accepted the stipulations and entered a finding of delinquency for criminal sexual abuse.

## ANALYSIS

### I. Registration Act Applies to Juvenile Sexual Offenders

Respondent first contends that the trial court's order requiring him to register as a sex offender must be reversed because he does not qualify as a "sex offender" under the Registration Act.

■ Section 3 of the Registration Act requires "sex offenders" to register with their local police department or sheriff within 10 days of the entry of the sentencing order. 730 ILCS 150/3(a), (c)(3) (West 2000). Section 7 of the Registration Act requires respondent "to register for a period of 10 years after conviction or adjudication." 730 ILCS 150/7 (West 2000). Registrants may be fingerprinted and must provide identification and documented proof of residence as well as a written statement and photograph. 730 ILCS 150/3(c)(5), 150/8 (West 2000).

We note that both the Registration Act and the Notification Law have been subject to numerous legislative revisions and modifications since their respective enactments. A comprehensive discussion of these various changes is contained in *People v. Logan*, 302 Ill. App. 319, 323-25 (1998) and *People v. Guillen*, 307 Ill. App. 3d 35, 36-37 (1999). The version of the Registration Act applicable in the instant case defines sex offenders to include, among other categories of offenders, "any person who is *** charged *** with a sex offense set forth in subsection (B) of this Section *** and *** is convicted of such offense." 730 ILCS 150/2(A)(1)(a) (West 2000). Subsection (B) lists various offenses, including criminal sexual abuse. 730 ILCS 150/2(B)(1) (West 2000). The Registration Act further defines "juvenile sex offender" to include "any person who is adjudicated a juvenile delinquent as the result of the commission of *** a violation set forth in item (B)." 730 ILCS 150/2(A—5) (West 2000). Subsection (A—5) indicates " 'convicted' shall have the same meaning as 'adjudicated.' " 730 ILCS 150/2(A—5) (West 2000). Unless considered a sexual predator, usually a juvenile sex offender would be required to register for a period of 10 years after adjudication. 730 ILCS 150/7 (West 2000).

Relying on *In re Nicholas K.*, 326 Ill. App. 3d 497 (2001), respondent argues that "juvenile sex offenders" are not required to register as sex offenders under the Registration Act. In *Nicholas K.*, the appellate court held that the Registration Act does not apply to juveniles who are adjudicated delinquent for having committed sex crimes, reasoning that "juvenile sex offenders" are a category of offenders separate from "sex offenders." *Nicholas K.*, 326 Ill. App. 3d at 500.

■ On February 21, 2003, after respondent filed his opening brief in the instant case, the Illinois Supreme Court overruled *Nicholas K.* in *In re J.W.*, 204 Ill. 2d 50, 65 (2003), and held that juvenile sex offenders are required to register as sex offenders under the Registration Act. The supreme court concluded as follows:

"Although section 3 of the Registration Act does not specifically refer to juvenile sex offenders, section 3 does provide that sex offenders and sexual predators shall register. [Citation.] Without addressing whether J.W. would be required to register in any event because he is a sexual predator, we note that a juvenile sex offender is a sex offender, *albeit* a specific category of sex offender. Juvenile sex offenders therefore are included within the larger category of sex offenders required to register." (Emphasis in original.) *J.W.*, 204 Ill. 2d at 65.

Respondent, in the instant case, was adjudicated a juvenile delinquent as a result of committing criminal sexual abuse and, therefore, qualified as a "juvenile sex offender" under the applicable statutory definition. See 730 ILCS 150/2(A—5) (West 2000). Juvenile sex offenders are included within the larger category of sex offenders subject to the Registration Act. *J.W.*, 204 Ill. 2d at 65. Accordingly, following the supreme court's holding in *J.W.*, we conclude that respondent qualified as a "sex offender" subject to the requirements of the Registration Act.

## II. Due Process Under Registration Act and Notification Law

Respondent alternatively contends the trial court's order requiring him to register as a sex offender must be reversed because the Registration Act and the corresponding Notification Law (730 ILCS 152/101 *et seq.* (West 2000)) violate the due process clause of the fourteenth amendment to the United States Constitution (U.S. Const. amend. XIV).

■ "It is well settled that statutes are presumed constitutional and that a party challenging the constitutionality of a statute has the burden of establishing its invalidity." *J.W.*, 204 Ill. 2d at 62. We review *de novo* a statute's constitutionality. *J.W.*, 204 Ill. 2d at 62. When interpreting a statute, we must identify and give effect to the intent of the legislature in enacting that statute. *J.W.*, 204 Ill. 2d at 62, citing *Collins v. Board of Trustees of the Firemen's Annuity & Benefit Fund*, 155 Ill. 2d 103, 110 (1993). Examination of statutory language is the most reliable indicator of legislative intent. *J.W.*, 204 Ill. 2d at 62, citing *In re C.W.*, 199 Ill. 2d 198, 211 (2002). "[A] statute must be read as a whole, and no word or paragraph should be interpreted so as to be rendered meaningless." *J.W.*, 204 Ill. 2d at 63, citing *Collins*, 155 Ill. 2d at 111.

We recognize several Illinois cases have reviewed constitutional challenges to the Registration Act and Notification Law based on various theories, including due process, and have upheld their constitutionality. See *People v. Marsh*, 329 Ill. App. 3d 639, 643-44 (2002). None of those cases addressed whether those statutes violated due process when applied to juveniles. However, the Illinois Supreme Court in *J.W.* addressed a substantive due process challenge to the Registration Act as it applied to a juvenile sex offender and we find that case instructive. See *J.W.*, 204 Ill. 2d at 66-72.

Respondent argues that the Registration Act violates due process because it does not condition registration upon a finding that the offender will be a continuing danger to society, but instead requires all offenders who commit certain sex offenses to register. Respondent further argues that the Notification Law violates due process because it "does not mandate a judicial finding that disclosure is required for public safety, *** fails to afford the juvenile an opportunity to be heard on the issue of his danger to the community before disclosing his registry information to the public, *** [and provides] no assurance that the public disclosure bears any reasonable relationship to the protection and safety of the public."

■ The due process clause of the fourteenth amendment to the United States Constitution provides that certain substantive rights—life, liberty and property—cannot be deprived except pursuant to constitutionally adequate procedures; the categories of substance and procedure are distinct. *Cleveland Board of Education v. Loudermill*, 470 U.S. 532, 541, 84 L. Ed. 2d 494, 503, 105 S. Ct. 1487, 1493 (1985). Respondent relies on principles of both procedural and substantive due process in support of his arguments that the Registration Act and Notification Law are constitutionally infirm. For the reasons that follow, we conclude that respondent has failed to establish either procedural or substantive due process violations under the Registration Act and Notification Law.

### A. Substantive Due Process

■ "When confronted with a claim that a statute violates the [substantive] due process guarantees of the United States and Illinois Constitutions, courts must first determine the nature of the right purportedly infringed upon by the statute." *J.W.*, 204 Ill. 2d at 66. "Where the statute does not affect a fundamental constitutional right, the test for determining whether the statute complies with substantive due process is the rational basis test." *J.W.*, 204 Ill. 2d at 67. "To satisfy this test, a statute need only bear a rational relationship to the purpose the legislature sought to accomplish in enacting the statute."

*J.W.*, 204 Ill. 2d at 67. "Pursuant to this test, a statute will be upheld if it 'bears a reasonable relationship to a public interest to be served, and the means adopted are a reasonable method of accomplishing the desired objective.' " *J.W.*, 204 Ill. 2d at 67, quoting *People v. Adams*, 144 Ill. 2d 381, 390 (1991).

### 1. *Registration Act Does Not Violate Substantive Due Process*

The supreme court's recent decision in *J.W.* addressed the very issue that respondent now raises—whether an order entered pursuant to the Registration Act requiring a juvenile sex offender to register as a sexual offender violates substantive due process. The supreme court held that the registration requirement did not violate substantive due process, and its holding is controlling in the instant case. *J.W.*, 204 Ill. 2d at 72.

In *J.W.*, the supreme court first noted that the respondent did not argue, and it did not find, that the Registration Act affected a fundamental right. *J.W.*, 204 Ill. 2d at 67. Accordingly, the court analyzed the statute using the rational basis test. *J.W.*, 204 Ill. 2d at 67. The court found, "The intent of the legislature in enacting the Registration Act was 'to create an additional method of protection for children from the increasing incidence of sexual assault and sexual abuse.' " *J.W.*, 204 Ill. 2d at 67, quoting *People v. Adams*, 144 Ill. 2d at 387. The court recognized that the public interest to be served by both the Registration Act and the Notification Law was "the protection of the public from sex offenders" (*J.W.*, 204 Ill. 2d at 68, citing *People v. Malchow*, 193 Ill. 2d 413, 420 (2000)), and noted that the Registration Act served the public interest "by providing police officers ready access to information on known juvenile sex offenders." *J.W.*, 204 Ill. 2d at 68.

In analyzing J.W.'s claim that the Registration Act violated substantive due process, the court indicated that "[t]he conclusion that juvenile sex offenders are required to register is further supported by examining the Registration Act in conjunction with the corresponding Sex Offender and Child Murderer Community Notification Law." *J.W.*, 204 Ill. 2d at 66. The court recognized that although the Notification Law expressly includes juvenile sex offenders (*J.W.*, 204 Ill. 2d at 66, citing 730 ILCS 152/105, 120(e) (West 2000)), it "strictly limits the availability of information with regard to juvenile sex offenders." *J.W.*, 204 Ill. 2d at 71. The court noted section 120(e) of the Notification Law provides that law enforcement agencies in possession of registration information may provide, at their discretion, certain information about the juvenile offender (*i.e.*, the offender's name, address, date of birth, offense) " 'to any person when that person's

safety may be compromised for some reason related to the juvenile sex offender.' " *J.W.*, 204 Ill. 2d at 71, quoting 730 ILCS 152/120(e) (West 2000). The court indicated: "We find, therefore, that the extremely limited dissemination of information concerning juvenile sex offenders supports a finding that the registration of juvenile sex offenders is a reasonable means of protecting the public." *J.W.*, 204 Ill. 2d at 72. The court held that the Registration Act did not violate substantive due process. *J.W.*, 204 Ill. 2d at 72. In support of its holding, the court reasoned:

"Clearly there is a rational relationship between the registration of juvenile sex offenders and the protection of the public from such offenders. Requiring the registration of juvenile sex offenders, even where the offender is only 12 years old and the duration of registration is for life, is reasonable in light of the strict limits placed upon access to that information. Whether there are better means to achieve this result, such as limiting the duration of registration for all juvenile sex offenders including juvenile sexual predators, is a matter better left to the legislature." *J.W.*, 204 Ill. 2d at 72.

■ Mindful of the principles stated by the supreme court in *J.W.*, we reject respondent's claim that the Registration Act violates substantive due process. A juvenile sex offender is a sex offender and, therefore, is included within the larger category of sex offenders required to register under the Act. *J.W.*, 204 Ill. 2d at 65. The registration requirement under the Act does not violate substantive due process because there is a rational relationship between the registration of juvenile sex offenders and the protection of the public from juvenile sex offenders. *J.W.*, 204 Ill. 2d at 72.

### 2. Notification Law Does Not Violate Substantive Due Process

■ "The Notification Law provides that the Department of State Police is to establish and maintain a sex offender database of those persons registered as sex offenders under the Registration Act." *J.W.*, 204 Ill. 2d at 66, citing 730 ILCS 152/115 (West 2000). Various subsections within section 120 of the Notification Law provide for disclosure of registration information. See 730 ILCS 152/120(a), (a—2), (a—3), (a—4), (b), (c), (d), (e) (West 2000). We are mindful in interpreting this statute that we should ascertain and give effect to the intent of the legislature. *Henrich v. Libertyville High School*, 186 Ill. 2d 381, 387 (1998). As previously noted, that legislative intent was identified by the Illinois Supreme Court in *J.W.* as "protection of the public from sex offenders." *J.W.*, 204 Ill. 2d at 68. Moreover, "the statute should be evaluated as a whole; the language within each section of a statute must be examined in light of the entire statute." *Henrich*, 186 Ill. 2d at 387, citing *Abrahamson v. Illinois Department of Professional Regu-*

*lation*, 153 Ill. 2d 76, 91 (1992). "[N]o word or paragraph should be interpreted so as to be rendered meaningless." *J.W.*, 204 Ill. 2d at 63, citing *Collins*, 155 Ill. 2d at 111.

The supreme court in *J.W.* did not directly address the question of whether the Notification Law as applied to a juvenile sex offender complied with substantive due process. Accordingly, this question presents a matter of first impression. We find instructive the court's discussion in *J.W.* regarding the Notification Law in concluding that the Registration Act did not violate substantive due process. See *J.W.*, 204 Ill. 2d at 71-72. We analyze the Notification Act using the rational basis test.

As the supreme court stated, the Notification Law serves the same public interest and shares the same purpose as the Registration Act— "the protection of the public from sex offenders." *J.W.*, 204 Ill. 2d at 68. The Notification Law serves that purpose, with respect to juvenile sex offenders, by providing disclosure of information to the public. The supreme court recognized that the Notification Law expressly includes juvenile sex offenders. *J.W.*, 204 Ill. 2d at 66. Compilation of sex offender information without a provision for disclosure would undermine the purpose of protecting the public, including children, from sex offenders. This disclosure is rationally related to protecting members of the public. See *J.W.*, 204 Ill. 2d at 72.

■ Accordingly, based upon the reasoning articulated in *J.W.*, we hold the Notification Law, as applied to respondent and which authorizes disclosure of registration information about juvenile sex offenders, does not violate substantive due process under the fourteenth amendment of the United States Constitution. There is a rational relationship between the disclosure of registration information about juvenile sex offenders and the purpose served by the Notification Law, the protection of the public, including children, from such offenders, and we find nothing unreasonable in the statute's method of serving its purpose. Whether there are better means to achieve this purpose, such as further limiting the time frame during which disclosure may occur, is a matter better left to the legislature. See *J.W.*, 204 Ill. 2d at 72. We therefore reject defendant's substantive due process argument.

## B. Procedural Due Process

As a preliminary matter, we note that while the respondent in *J.W.* did not argue to the Illinois Supreme Court that the Registration Act and Notification Law violated procedural due process, two university-operated legal clinics, Bluhm Legal Clinic of Northwestern University Law School and the Edwin F. Mandel Legal Aid Clinic of the University of Chicago Law School, raised this argument in a brief that they filed

as *amicus curiae*. *J.W.*, 204 Ill. 2d at 55, 72. The supreme court declined, however, to address their argument, noting that it "need not pass on grounds of invalidity solely urged by an *amicus*. [Citations.]" *J.W.*, 204 Ill. 2d at 73. Accordingly, as related to a juvenile sex offender, whether the Registration Act and Notification Law violate procedural due process are matters of first impression. We address each in turn.

■ "Procedural due process claims concern the constitutionality of the specific procedures employed to deny a person's life, liberty or property." *Segers v. Industrial Comm'n*, 191 Ill. 2d 421, 434 (2000), citing *East St. Louis Federation of Teachers, Local 1220 v. East St. Louis School District No. 189 Financial Oversight Panel*, 178 Ill. 2d 399, 415 (1997). "Procedural due process is meant to protect persons not from the deprivation, but from the mistaken or unjustified deprivation of life, liberty or property." *Segers*, 191 Ill. 2d at 434, citing *East St. Louis Federation of Teachers*, 178 Ill. 2d at 415. ·

In evaluating procedural due process claims, the following three-part test is used: (1) resolution of the threshold question of whether there exists a life, liberty or property interest which has been interfered with by the State; (2) examination of the risk of an erroneous deprivation of such an interest through the procedures already in place, while considering the value of additional safeguards; and (3) evaluation of the effect the administrative burden would have on the state's interest. *Segers*, 191 Ill. 2d at 434, citing *East St. Louis Federation of Teachers*, 178 Ill. 2d at 415-16.

### 1. *Registration Act Does Not Violate Procedural Due Process*

Respondent contends the Registration Act violates procedural due process because it fails to afford juvenile offenders the opportunity to be heard on the issue of their continuing danger to the community before requiring them to register. In support of this argument, respondent relies upon *Doe v. Department of Public Safety ex rel. Lee*, 271 F.3d 38 (2d Cir. 2001), *cert. granted*, 535 U.S. 1077, 152 L. Ed. 2d 1020, 122 S. Ct. 1959 (2002). In *Doe*, the United States Court of Appeals addressed the constitutionality of a Connecticut statute which required those convicted of certain sex offenses to register with the State upon their release from prison and authorized disclosure of information gathered through the registry. *Doe*, 271 F.3d at 47-60. In *Doe*, the United States Court of Appeals held that a sex offender registration and disclosure statute similar to the Illinois statutes failed to accommodate the constitutional rights of persons formerly convicted of a wide range of sexual offenses who were categorized as likely to be currently dangerous offenders. *Doe*, 271 F.3d at 41-42.

The Connecticut statute, similar to the Registration Act and

Notification Law at issue in the instant case, required persons convicted of sexual offenses to register with the Connecticut Department of Public Safety upon their release into the community and required the Department of Public Safety in turn to compile and publicize information submitted by the sex offender registrants. *Doe*, 271 F.3d at 43-44. On March 5, 2003, after respondent in the instant case filed his opening brief, the United States Supreme Court reversed the Second Circuit's decision in *Doe* in *Connecticut Department of Public Safety v. Doe*, 538 U.S. 1, 4, 155 L. Ed. 2d 98, 103, 123 S. Ct. 1160, 1163 (2003). In the instant case, as in *Doe*, respondent argues that the Registration Act deprives him of a liberty interest without providing him an opportunity to be heard thereby violating procedural due process.

The Supreme Court addressed the question of whether in the context of procedural due process, respondent was entitled to a prede-privation hearing in *Connecticut Department of Public Safety*, 538 U.S. at 7, 155 L. Ed. 2d at 104-05, 123 S. Ct. at 1164-65. In reversing the Second Circuit's decision in *Doe*, the Supreme Court held that procedural due process did not entitle a convicted sex offender to a hearing to establish that he was not currently dangerous because current dangerousness was not material under the Connecticut registration statute in question. *Connecticut Department of Public Safety*, 538 U.S. at 7, 155 L. Ed. 2d at 104-05, 123 S. Ct. at 1164-65. The Supreme Court further noted that the respondent in *Doe* did not contend that the statute in question violated substantive due process, and accordingly, it declined to address this issue. *Connecticut Department of Public Safety*, 538 U.S. at 8, 155 L. Ed. 2d at 105, 123 S. Ct. at 1165.

█ Similar to the Connecticut statute, in Illinois the Registration Act requires sex offenders, including juvenile sex offenders, to register not based on dangerousness, but based upon the fact the offender was adjudicated delinquent or convicted of a sex offense. See 730 ILCS 150/2(A), 2(A—5), 3 (West 2000). Accordingly, following the Supreme Court's decision in *Connecticut Department of Public Safety*, we conclude that the Registration Act does not violate respondent's right to procedural due process. Respondent has failed to establish that procedural due process entitles respondent, a juvenile found delinquent of committing a sex offense, to a hearing to demonstrate that he was not currently dangerous, when current dangerousness is not relevant or material to the duty to register as required by the Registration Act.

*2. Notification Law Does Not Violate Procedural Due Process*
Respondent contends that the Notification Law as it applies to

juvenile sex offenders violates procedural due process. Respondent contends the Notification Law violates his right to procedural due process because it authorizes the disclosure of registration information about him without giving him notice prior to that disclosure or the opportunity to contest the disclosure.

Both the Registration Act and Notification Law are based on previous convictions or adjudications and are thereby offense based, rather than offender based. We note that respondent's counsel in his brief recognizes this fact by stating, "the Registration and Notification Acts are offense-based, rather than offender-based. That is, rather than classifying offenders on the basis of their danger to the community and providing for different levels of public notification depending on the level of their danger to the community, Illinois law requires registration and public disclosure by all offenders who commit the 'sex offenses' listed in the statute." In the context of that type of classification, respondent has failed to demonstrate that due process entitles the juvenile sex offender to a hearing to establish a fact that is not relevant or material under Illinois law. A juvenile offender who asserts a right to a hearing under the due process clause must demonstrate that the facts to be established in that hearing are relevant under the statutory scheme. See *Connecticut Department of Public Safety*, 538 U.S. at 8, 155 L. Ed. 2d at 105, 123 S. Ct. at 1165.

The Connecticut statute addressed by the United States Supreme Court in *Connecticut Department of Public Safety*, similar to the statutes at issue in the instant case, included not only a registration requirement, but also authorized disclosure of the information gathered through the registry. *Connecticut Department of Public Safety*, 538 U.S. at 5, 155 L. Ed. 2d at 103, 123 S. Ct. at 1163. In the context of registration and disclosure, the Supreme Court noted that "due process does not entitle [respondent] to a hearing to establish a fact that is not material under the Connecticut statute." *Connecticut Department of Public Safety*, 538 U.S. at 7, 155 L. Ed. 2d at 104, 123 S. Ct. at 1164. The fact that respondent sought to prove—that he is not currently dangerous—is of no consequence under the Connecticut statute. Regarding the Connecticut statute, the Supreme Court recognized that "the law's requirements turn on an offender's conviction alone—a fact that a convicted offender has already had a procedurally safeguarded opportunity to contest." *Connecticut Department of Public Safety*, 538 U.S. at 7, 155 L. Ed. 2d at 105, 123 S. Ct. at 1164. Those asserting a right to a hearing under the due process clause "must show that the facts they seek to establish in that hearing are relevant under the statutory scheme." *Connecticut Department of Public Safety*, 538 U.S. at 8, 155 L. Ed. 2d at 105, 123 S. Ct. at 1165.

In addressing the Connecticut statute, which contained both registration and disclosure provisions, the Supreme Court held that due process did not entitle a convicted sex offender to a hearing to establish that he was not currently dangerous because current dangerousness was not material under the Connecticut registration and disclosure statute in question. *Connecticut Department of Public Safety*, 538 U.S. 7, 155 L. Ed. 2d at 104-05, 123 S. Ct. at 1164-65.

Similar to the Connecticut statute, in Illinois the Notification Law allows disclosure regarding the adjudicated or convicted sex offender. In the instant case, the fact respondent seeks to prove in a hearing—that he is not currently dangerous—is of no consequence under the Notification Law. In the instant case, a prerequisite for disclosure under the Notification Law is a prior adjudication of delinquency for the offense of criminal sexual abuse. The Notification Law's requirements turn on the adjudication of delinquency, a fact that the juvenile offender has already had a procedurally safeguarded opportunity to challenge in juvenile court. Respondent has failed to demonstrate that procedural due process entitled him to a hearing to establish that he was not currently dangerous because current dangerousness is not material under the Notification Law.

Respondent relies on *Paul v. Davis* in support of his argument that the failure of the Notification Law to provide a predeprivation hearing before disclosure violates procedural due process. *Paul v. Davis*, 424 U.S. 693, 47 L. Ed. 2d 405, 96 S. Ct. 1155 (1976). The Supreme Court in *Connecticut Department of Public Safety* rejected a similar argument. The court found it unnecessary to address the argument of whether respondent established deprivation of a liberty interest under *Paul* "because even assuming, *arguendo*, that respondent has been deprived of a liberty interest, due process does not entitle him to a hearing to establish a fact [current dangerousness] that is not material under the Connecticut statute." *Connecticut Department of Public Safety*, 538 U.S. at 7, 155 L. Ed. 2d at 104, 123 S. Ct. at 1164. For the reasons previously discussed, we need not address the question of whether respondent established deprivation of a liberty interest. However, even assuming that respondent has established deprivation of a liberty interest, due process does not entitle the respondent to a predeprivation hearing to establish that he was not currently dangerous because current dangerousness is not relevant or material under the Notification Law. See *Connecticut Department of Public Safety*, 538 U.S. at 7, 155 L. Ed. 2d at 105, 123 S. Ct. at 1165.

Moreover, respondent has failed to demonstrate deprivation of a protected liberty interest. In *Paul*, the Supreme Court held that in order to state a claim for violation of due process, the respondent

must demonstrate the following: (1) the utterance of a statement about him or that is sufficiently derogatory to injure his or her reputation, that is capable of being proved false, and that he or she claims is false; and (2) some tangible and material state-imposed burden or alteration of his or her status or of a right in addition to the stigmatizing statement. *Paul*, 424 U.S. at 710-12, 47 L. Ed. 2d at 419-20, 96 S. Ct. at 1165-66.

Respondent argues "the publication of the undifferentiated information required by the Illinois Sex Offender Registration Act implies that each person listed is more likely than the average person to be currently dangerous, and that implication stigmatizes every person listed on the registry." Regarding this "stigma" argument, we note in the instant case the information compiled and disclosed is not false, but provided by respondent and court records. The Registration Act compiles truthful, accurate information. Disclosure under the Notification Law clearly communicates truthful, accurate information about the offender to the public. Any stigma that may occur is a result of the offender's status as being adjudicated as a delinquent sex offender and not as a direct result of the notification. See *Logan*, 302 Ill. App. 3d at 330.

Regarding the "plus" factor, respondent challenges not the provisions of the Notification Law but, rather, the imposition by the Registration Act of a new set of legal duties, that if disregarded subject him to felony prosecution. Respondent argues the new set of legal duties, namely registration, constitutes a "change of status" which qualifies as a plus factor under the principles articulated in *Paul*. For the reasons previously discussed, we have found respondent failed to demonstrate the Registration Law violates either substantive or procedural due process.

Moreover, we note the requirements of the Registration Act and Notification Law are triggered by prior conviction or, in the instant case, prior adjudication of delinquency. Such conviction or adjudication was obtained as the result of proceedings that provided substantial procedural safeguards including proof beyond a reasonable doubt. Regarding the burden placed on respondent, we note the registration requirements have not been demonstrated to be unduly burdensome. See *Logan*, 302 Ill. App. 3d at 329 ("the registration process is a *de minimus* administrative requirement").

Under the Notification Law, Illinois allows public disclosure of information about offenders who commit the sex offenses listed in the statute. That requirement is not based on current dangerousness, but is based upon the fact the offender was convicted or adjudicated delinquent of a sex offense. We reject respondent's claim that the

Notification Law violates procedural due process because there is no material connection between his current level of dangerousness and the Notification Law.

For the reasons previously discussed, respondent failed to demonstrate that procedural due process entitled him to a predeprivation hearing to determine current dangerousness because current dangerousness is not relevant or material to the Notification Law. We also find no due process violation because respondent failed to demonstrate the Notification Law deprived him of a liberty interest.

### III. Registration Act and Notification Law Do Not Violate Confidentiality Provided By Juvenile Court Act

■■■ Respondent argues that his adjudication proceeding was governed by the Juvenile Court Act and the records are subject to the strict guidelines provided by that Act regarding confidentiality. For the reasons previously discussed, based on the clear expression by the legislature requiring juvenile sex offenders to register in compliance with the Registration Act, we find no violation of the confidentiality provided by the Juvenile Court Act. 730 ILCS 152/120(e) (West 2000). Such registration is reasonable in light of the limits placed upon access to that information and the purpose served by the Registration Act. As noted by the supreme court in *J.W.*, "We find, therefore, that the extremely limited dissemination of information concerning juvenile sex offenders supports a finding that the registration of juvenile sex offenders is a reasonable means of protecting the public." *J.W.*, 204 Ill. 2d at 72.

Respondent further argues that the Notification Law, which allows public access to the information required by the Registration Act, does not apply to juvenile offenders as it violates the public policy, as expressed in the Juvenile Court Act, that juvenile records must be kept confidential. The Notification Law requires the Department of State Police to maintain a sex offender database (730 ILCS 152/115(a) (West 2000)) and authorizes it and law enforcement agencies to disclose, at their discretion, the name, address, date of birth, and offenses for which the registrant has been convicted.

Respondent argues that, "[w]ithout restriction, this information is available for public inspection at local police stations and via the internet." Respondent incorrectly interprets the Notification Law. The court in *J.W.* addressed a similar argument in the context of the claim that the Notification Law constitutes cruel and unusual punishment. *J.W.*, 204 Ill. 2d 50. Regarding whether the Notification Law should be interpreted as providing widespread dissemination of information concerning juvenile sex offenders, the supreme court in *J.W.* noted as follows:

"The Notification Law specifically addresses juvenile sex offenders and provides that information concerning juvenile sex offenders is not available on the Internet and public access to information concerning juvenile sex offenders is limited to those whose safety might be compromised for some reason related to the juvenile sex offender. See 730 ILCS 152/120(e) (West 2000)." *J.W.*, 204 Ill. 2d at 74.

A statute must be read as a whole, and no word or paragraph should be interpreted so as to be rendered meaningless. *J.W.*, 204 Ill. 2d at 62-63, citing *Collins*, 155 Ill. 2d at 111. Therefore, limitations on disclosure must be read in conjunction with the entire statute. Reading the Notification Act as whole, taken in context with the legislative intent to protect the public from sex offenders and assist law enforcement in doing so, we find no confidentiality violation.

## IV. Submission of Blood Sample

After respondent was adjudicated delinquent on the charge of criminal sexual abuse, a hearing was conducted on the issues of sex offender registration and respondent's submission of blood samples. The trial court ordered that respondent submit a blood sample pursuant to section 5—4—3 of the Unified Code of Corrections (730 ILCS 5/5—4—3 (West 2000)). That order was stayed pending respondent's appeal. Respondent argues that section 5—4—3 of the Unified Code of Corrections, which requires him to submit blood samples to the State Police, is unconstitutional. Respondent does not argue that the specific portion of that section requiring him to submit blood samples (see 730 ILCS 5/5—4—3(a)(1.5) (West 2000)) is unconstitutional. Rather, he argues that the portion of that section barring expungement of previously submitted blood specimens (see 730 ILCS 5/5—4—3(f) (West 2000)) is unconstitutional, thereby rendering the blood sample submission provision unenforceable.

Section 5—4—3(a)(1.5) of the Unified Code of Corrections provides:

"Any person convicted of, found guilty under the Juvenile Court Act of 1987 for, or who received a disposition of court supervision for, a qualifying offense *** shall, regardless of the sentence or disposition imposed, be required to submit specimens of blood to the Illinois Department of State Police *** provided such person is: ***

(1.5) found guilty or given supervision under the Juvenile Court Act of 1987 for a qualifying offense ***." 730 ILCS 5/5—4—3(a)(1.5) (West 2000).

Section 5—4—3(f) provides that "[n]otwithstanding any other statutory provision to the contrary, all information obtained under this Sec-

tion shall be maintained in a single State data base \*\*\* and may not be subject to expungement." 730 ILCS 5/5—4—3(f) (West 2000).

■■ Respondent contends that section 5—4—3, by "barring expungement[,] violates the separation of powers doctrine, because it conflicts with provisions in the Juvenile Court Act which give the court discretion in determining whether to expunge all law enforcement records except those based upon first degree murder and felony-grade sex offenses." See 705 ILCS 405/5—915(2) through (4) (West 2000).

Respondent's argument is premature because he has made no effort to expunge the information required by section 5—4—3(a). Respondent cannot petition to expunge his law enforcement records until he can demonstrate that he has had no convictions for any crime since his seventeenth birthday, and that he has attained the age of 21 years of age or that 5 years have passed since the termination of all juvenile court proceedings relating to him or since his commitment to the Juvenile Department of Corrections has been terminated, whichever is later. 705 ILCS 405/5—915(2) (West 2000).

## V. Stipulated Bench Trial Did Not Violate Procedural Due Process

Respondent contends that his stipulated bench trial was "the functional equivalent \*\*\* of a guilty plea," that the trial court was thus required to admonish him of the consequences of his alleged guilty plea, and that its failure to do so denied him procedural due process. In addition, respondent argues that "defense counsel failed to object to the 'stipulated bench trial,' or the lack of admonishments," and that defense counsel's actions thus constituted ineffective assistance of counsel.

■■ The supreme court adopted the rule that a stipulated bench trial procedure is proper and not tantamount to a guilty plea where defendant presented and preserved a defense. *People v. Horton*, 143 Ill. 2d 11, 22 (1991). A stipulated bench trial allows the parties to proceed with the benefits of a guilty plea while avoiding the waiver rule. *People v. Sullivan*, 72 Ill. App. 3d 533, 536 (1979). If defendant does not present a defense and also stipulates that the evidence was sufficient to convict him of the crime charged, the proceeding is tantamount to a guilty plea and he is entitled to the protections provided by Supreme Court Rule 402 (177 Ill. 2d R. 402). *People v. Bellmyer*, 199 Ill. 2d 529, 538-39 (2002).

Applying these principles to the instant case, we note that counsel for respondent in no way stipulated that the evidence was sufficient to convict respondent. The record does not reflect that respondent's stipulated bench trial was tantamount to a guilty plea. Rather, the

State was held to its burden of proof, the trial judge was called upon to decide the issue of guilt or innocence and the issue of the sufficiency of the evidence was preserved for appeal. The failure of the court to provide Supreme Court Rule 402 admonishments did not violate procedural due process. Furthermore, because respondent was not entitled to admonishments, his failure to object to the lack of admonishments did not constitute ineffective assistance of counsel. The record reflects no legal basis for objection to the lack of admonishments or for objection to the stipulated bench trial, and thus no prejudice to respondent. See *People v. Albanese*, 125 Ill. 2d 100, 106 (1988) (ineffective assistance of counsel claim requires showing that counsel's representation fell below an objective standard of reasonableness and was prejudicial to complaining party).

## CONCLUSION

For the reasons previously discussed, we affirm respondent's adjudication of delinquency for criminal sexual abuse and affirm the juvenile court's ruling that respondent is required to register as a sex offender under the Sex Offender Registration Act and provide a blood specimen under section 5—4—3· of the Unified Code of Corrections. The respondent qualifies as a "sex offender" subject to the registration requirements of the Registration Act. Respondent has failed to establish that application of the Registration Act and Notification Law to him has violated either procedural or substantive due process. Respondent has failed to establish that the Registration Act and Notification Law violated confidentiality as provided by the Juvenile Court Act.

" 'Sex offenders are a serious threat in this Nation.' [Citation.] *** 'When convicted sex offenders reenter society, they are much more likely than any other type of offender to be re-arrested for a new rape or sex assault.' " *Connecticut Department of Public Safety*, 538 U.S. at 4, 155 L. Ed. 2d at 103, 123 S. Ct. at 1163, quoting *McKune v. Lile*, 536 U.S. 24, 32-33, 153 L. Ed. 2d 47, 56, 122 S. Ct. 2017, 2024 (2002). Illinois has responded to this threat by enacting the Registration Act and Notification Law to protect the public, including children, from sex offenders and to assist law enforcement in apprehending recidivist sex offenders. Application of the Registration Act and the Notification Law is triggered by an offender's conviction, a fact that a convicted offender has already had a procedurally safeguarded opportunity to contest.

Statutes carry a strong presumption of constitutionality, and the party challenging the statute has the burden of clearly demonstrating invalidity. *People v. Lindner*, 127 Ill. 2d 174, 178 (1989). The party

challenging the constitutionality of a statute bears the burden of rebutting the presumption of constitutionality and demonstrating a constitutional violation. *Arangold Corp. v. Zehnder*, 187 Ill. 2d 341, 351 (1999). We do not believe respondent has met his burden of demonstrating that the Registration Act or Notification Law, as applied to respondent, a juvenile sex offender, violated procedural or substantive due process.

Affirmed.

O'BRIEN, P.J., and GALLAGHER, J., concur.