*In re* D.R., a Minor (The People of the State of Illinois, Petitioner-Appellee, v. D.R., a Minor, Respondent-Appellant).

First District (6th Division) No. 1—01—2319

Opinion filed July 11, 2003.

Michael J. Pelletier and Donna Finch, both of State Appellate Defender's Office, of Chicago, for appellant.

Richard A. Devine, State's Attorney, of Chicago (Renee Goldfarb, William D. Carroll, and Janet Powers Doyle, Assistant State's Attorneys, of counsel), for the People.

PRESIDING JUSTICE O'BRIEN delivered the opinion of the court:

Following a stipulated bench trial, respondent, 16-year-old D.R., was adjudicated delinquent for committing the offense of criminal sexual abuse and sentenced to 1 year of probation, 40 hours of community service, and sex offender counseling. The court also ordered D.R. to register as a sex offender pursuant to the Sex Offender Registration Act (Registration Act) (730 ILCS 150/1 *et seq.* (West 2000)) and to submit a blood sample pursuant to section 5—4—3 of the Unified Code of Corrections (730 ILCS 5/5—4—3 (West 2000)). Upon appeal, D.R. argues that: (1) his stipulated bench trial was tantamount to a guilty plea and the trial court erred by failing to give the necessary admonishments prior to accepting the guilty plea; (2) the court erred in ordering him to register as a sex offender pursuant to the Registration Act, as the Registration Act does not apply to juveniles; and (3) the Registration Act violates procedural due process because it does not afford registrants a predeprivation hearing to determine whether they are currently dangerous. We affirm.

At trial, the parties stipulated that, if called to testify, Officer Crimmins would state that he met with D.R. on October 26, 1999, and

that D.R. admitted having vaginal intercourse with the victim, M.L. The parties further stipulated that if called to testify, M.L. would identify D.R. in open court and state that on September 25, 1999, D.R. placed his penis in her vagina. Finally, the parties stipulated that D.R. was 16 years old and M.L. was 13 years old on September 25, 1999.

The trial court adjudicated D.R. delinquent for violating section 12—15(b) of the Criminal Code of 1961, which states:

"The accused commits criminal sexual abuse if the accused was under 17 years of age and commits an act of sexual penetration or sexual conduct with a victim who was at least 9 years of age but under 17 years of age when the act was committed." 720 ILCS 5/12—15(b) (West 2000).

■ Upon appeal, D.R. first argues that his stipulated bench trial was tantamount to a guilty plea and that the trial court erred by failing to give him the necessary admonishments pursuant to section 5—605 of the Juvenile Court Act of 1987 (705 ILCS 405/5—605 (West 2000)). Section 5—605 provides that prior to accepting a guilty plea, the court must admonish the defendant about the consequence of his plea and of the maximum penalty that may be imposed. 705 ILCS 405/ 5—605(2)(a) (West 2000).

When a defendant in a stipulated bench trial stipulates not only to the evidence, but also to the sufficiency of the evidence to convict, the proceeding is tantamount to a guilty plea. *People v. Bellmyer*, 199 Ill. 2d 529, 538-39 (2002). When the trial court is called upon to perform its function of determining guilt or innocence, no guilty plea is involved. *Bellmyer*, 199 Ill. 2d at 540.

Here, D.R. never stipulated that the evidence was sufficient to sustain a finding of delinquency; rather, the trial judge was called upon to determine whether the stipulated evidence was sufficient to find D.R. delinquent for committing criminal sexual abuse. Accordingly, D.R.'s stipulated bench trial was not tantamount to a guilty plea, and therefore no section 5—605 admonishments were required here.

This case is similar to *In re J.R.*, 341 Ill. App. 3d 784 (2003), in which the respondent was charged as a delinquent minor under the Juvenile Court Act with criminal sexual abuse. At the stipulated bench trial, the parties stipulated that: the victim would testify she was 12 years old on July 1, 1999, when the respondent put his hand under her underwear and digitally penetrated her vagina and then put his penis in her vagina before pulling out and ejaculating; the forensic scientist would state that the semen stain from the victim's underwear was consistent with having originated from respondent; and the police sergeant would testify that respondent admitted to trying to place his penis in the victim's vagina. *In re J.R.*, 341 Ill. App. 3d at 788.

The trial court accepted the stipulation and entered a finding of delinquency for criminal sexual abuse. *In re J.R.*, 341 Ill. App. 3d at 789. The appellate court affirmed, noting that defense counsel "in no way stipulated that the evidence was sufficient to convict respondent. *** Rather, the State was held to its burden of proof, the trial judge was called upon to decide the issue of guilt or innocence and the issue of the sufficiency of the evidence was preserved for appeal." *In re J.R.*, 341 Ill. App. 3d at 803-04. Therefore, the appellate court held that respondent's stipulated bench trial was not tantamount to a guilty plea and the trial court did not err in failing to provide admonishments. *In re J.R.*, 341 Ill. App. 3d at 803.

In the present case, as in *In re J.R.*, the State was held to its burden of proof, the trial judge was called upon to decide the issue of guilt or innocence, and the issue of the sufficiency of the evidence was preserved for review. Accordingly, D.R.'s stipulated bench trial was not tantamount to a guilty plea and the trial court did not err in failing to provide admonishments.

D.R. contends that *People v. Stepheny*, 56 Ill. 2d 237 (1974), compels a different result. In *Stepheny*, the defendant was charged with murder and convicted of voluntary manslaughter after a bench trial. *Stepheny*, 56 Ill. 2d at 238. Upon appeal, the defendant argued that his trial was a "sham and a mere formality" because his attorney, the prosecutor, and the judge had previously agreed to the result in the case without informing the defendant. *Stepheny*, 56 Ill. 2d at 238-39. In fact, the judge and opposing counsel had agreed that, regardless of the evidence, the defendant would be found guilty of manslaughter and sentenced to 10 to 20 years' imprisonment. *Stepheny*, 56 Ill. 2d at 239. The supreme court reversed the defendant's convictions, holding that the trial was tantamount to a guilty plea and that defendant had not been given the appropriate admonishments. *Stepheny*, 56 Ill. 2d at 240.

Unlike *Stepheny*, the proceedings here were not tantamount to a guilty plea, as there is no indication in the record that defense counsel agreed to the defendant's adjudication of delinquency or that the trial became a mere sham.

■ Next, D.R. argues that the court erred by ordering him to register as a sex offender under the Registration Act, as the Registration Act does not apply to juveniles. In support, D.R. cites *In re Nicholas K.*, 326 Ill. App. 3d 497 (2001), in which the Appellate Court for the Second District held that juvenile sex offenders are not required to register under the Registration Act because section 3 of the Registration Act, concerning the duty to register, does not specifically refer to juvenile sex offenders. *Nicholas K.*, 326 Ill. App. 3d at 500.

However, in *In re J.W.*, 204 Ill. 2d 50 (2003), our supreme court rejected the *Nicholas K.* analysis and stated:

"Although section 3 of the Registration Act does not specifically refer to juvenile sex offenders, section 3 does provide that sex offenders and sexual predators shall register. 730 ILCS 150/3 (West 2000). *** [W]e note that a juvenile sex offender is a sex offender, *albeit* a specific category of sex offender. Juvenile sex offenders therefore are included within the larger category of sex offenders required to register." (Emphasis in original.) *In re J.W.*, 204 Ill. 2d at 65.

Our supreme court also found support for its conclusion in the legislative debates concerning House Bill 2721, which added the definition of juvenile sex offender to the Registration Act. The court specifically noted the statements of Representative Klingler and Senator Klem that the bill requires juvenile sex offenders to register. *In re J.W.*, 204 Ill. 2d at 66.

Finally, our supreme court noted (*In re J.W.*, 204 Ill. 2d at 66) that the corresponding Sex Offender and Child Murderer Community Notification Law (Notification Law) (730 ILCS 152/101 *et seq.* (West 2000)) provides that the Department of State Police is to establish and maintain a sex offender database of those persons registered as sex offenders under the Registration Act. 730 ILCS 152/115 (West 2000). The Notification Law expressly includes juvenile sex offenders. 730 ILCS 152/105, 120(e) (West 2000).

Accordingly, the supreme court held "[c]learly, then, juvenile sex offenders do fall within the purview of section 3 of the Registration Act and are required to register." *In re J.W.*, 204 Ill. 2d at 66. See also *In re J.R.*, 341 Ill. App. 3d at 793 (holding that juvenile sex offenders are required to register under the Registration Act.)

In the present case, D.R. is a juvenile sex offender, as he was adjudicated delinquent of criminal sexual abuse, one of the sex offenses listed in the Registration Act. 730 ILCS 150/2(B)(1) (West 2000). Therefore, D.R. is required to register as a sex offender.

■ Next, D.R. argues that the Registration Act and the Notification Law violate procedural due process because they fail to afford the juvenile an opportunity to be heard on the issue of his current dangerousness to the community before requiring him to register as a sex offender and disclosing the registry information to the public. We disagree. In *Connecticut Department of Public Safety v. Doe*, 538 U.S. 1, 155 L. Ed. 2d 98, 123 S. Ct. 1160 (2003), the United States Supreme Court examined the Connecticut sex registration statute, which required a sex offender to register based not upon dangerousness, but upon his conviction for a sex offense. The United States Supreme

Court held that procedural due process did not entitle the convicted sex offender to a hearing to establish that he was not currently dangerous, where current dangerousness was not material under the statute. *Doe*, 538 U.S. at 7, 155 L. Ed. 2d at 104, 123 S. Ct. at 1164.

In the present case, the Illinois Registration Act, like the Connecticut registry, requires a sex offender to register based, not upon dangerousness, but on his conviction for a sex offense. Accordingly, the Registration Act does not violate due process because there is no material connection between the sex offender's current level of dangerousness and his duty to register under the Registration Act. Procedural due process does not entitle D.R. to a hearing to determine that he is not currently dangerous, as current dangerousness is not material to the duty to register under the statute. See also *In re J.R.*, 341 Ill. App. 3d at 795-96 (holding that the Registration Act does not violate procedural due process).

Similarly, the Notification Law requires public disclosure by all offenders who commit the listed sex offenses. That requirement is not based upon current dangerousness, but is instead based upon the fact that the offender was convicted of a sex offense. Accordingly, the Notification Law does not violate procedural due process because there is no material connection between the offender's current level of dangerousness and the disclosure requirements of the Notification Law. Procedural due process does not entitle D.R. to a hearing to determine that he is not currently dangerous, where current dangerousness is not material to the disclosure requirements of the Notification Law. See also *In re J.R.*, 341 Ill. App. 3d at 800 (holding that the Notification Law does not violate procedural due process).

■ Finally, D.R. argues that the Registration Act and Notification Law violate the confidentiality provided by the Juvenile Court Act. This same argument was made and rejected in *In re J.R.*, 341 Ill. App. 3d at 800, 802, in which we noted the strict limits placed upon access to the registry information and held that neither the Registry Act nor the Notification Law violates the confidentiality of juvenile court records as provided by the Juvenile Court Act.

For the foregoing reasons, we affirm the circuit court.

Affirmed.

GALLAGHER and O'MARA FROSSARD, JJ., concur.